Argued January 19, affirmed March 5, 1971

In the Matter of NIKIA RENE COLLINS, a CHILD.

PRINDEL, *Respondent, v.* COLLINS ET UX, *Appellants.*

482 P2d 540

*Lewis B. Hampton,* Beaverton, argued the cause for appellants. With him on the brief were Myatt, Bolliger, Hampton & Freerksen, Beaverton.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

In this juvenile court proceeding the custody of a four-year-old girl was ordered returned to her natural mother, the respondent herein. Appellants, who are the child's paternal grandparents, had had her custody pursuant to an earlier order of the court, and appeal on the ground the child's best interest requires she remain in their custody.

On June 16, 1967, the child was made a ward of the juvenile court because her parents "failed to provide her with the care, guidance, and protection necessary for her physical, mental or emotional well-being," (ORS 419.476 (1)(e)), and her physical custody placed with the appellants (ORS 419.507 (1)), her paternal grandparents.

Subsequently her parents were divorced, and their marriage terminated effective May 3, 1969. The decree awarded the child's custody to the mother, subject to the previous order of the juvenile court.

The mother remarried. Subsequently her home was duly certified as an approved foster home by the welfare department of the county where they now live. In May 1970, she petitioned, pursuant to ORS 419.529, to have her daughter returned to her. The court accordingly held the hearing required by the statute and on June 1, 1970, returned the child to its mother. Appellants requested a further hearing and presented additional testimony. The court allowed this and after the second hearing, on June 29, 1970, affirmed its previous order and again directed that the

child's custody be returned to the mother, under the supervision of the appropriate county welfare department. The appeal challenges both orders.

We have repeatedly held in child custody matters the findings of the trial court are entitled to great weight. See *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969); *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970); *State v. Peterson,* 3 Or App 52, 471 P2d 853 (1970), where the reasons for the rule are discussed at length. The juvenile code, ORS 419.474 (2), enjoins that in the placement of children who are wards of that court, "a child coming within the jurisdiction of the court may receive such care, guidance and control, *preferably in his own home,* as will lead to the child's welfare and the best interests of the public." (Emphasis supplied.) It is obvious from the court's very order that it gave due consideration to that legislatively declared policy.

We have examined the evidence in the discharge of our de novo duty (ORS 419.561 (4)). We find therefrom that the decision of the trial court was correct.

Affirmed.