Argued March 23, affirmed April 11, 1977

In the Matter of J.K.J., a Child.
STATE ex rel JUVENILE DEPARTMENT OF
COOS COUNTY, *Respondent,*
*v.*
J.J. and B.J., *Appellants.*
(No. 9317, CA 7018)
562 P2d 569

Fred Allen, Coos Bay, argued the cause and filed the brief for appellants.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The parents of a 13-year-old child who was within the jurisdiction of the juvenile court by virtue of having committed theft appeal from an order placing the child in the custody of the Children's Services Division (CSD).

Once a child is within the jurisdiction of the court, the child may be made a ward of the court and the court is authorized to place the child within the guardianship and legal custody of CSD for "care, placement and supervision." ORS 419.507(2); ORS 419.511(3).

The best interest of the child is the determinative criterion regarding custody of a child within the jurisdiction of a court. *State ex rel Juv. Dept. v. Mack,* 12 Or App 570, 576, 507 P2d 1161 (1973). The trial judge who heard and saw the witnesses, including both parents, observed:

> "We have a boy of thirteen here who is being ruined. He got this way some way. He got that way being with his own family. I am going to take him and give him to Children's Services Division but it is going to be a temporary placement. I am going to look at the matter at any time my staff * * * feels * * * that it should be looked at again, I am going to look at it from time to time as the parents may feel that it is necessary. There is no doubt in my mind that these parents both love the child and that they would do their best by him. Their best has not been good enough up to now. It may be that we have an insoluble problem. On the other hand, things have been getting better and perhaps they will right themselves to the point where it will be worth experimenting but you can't conduct two sources of treatment at the same time. Solely in the interests of treatment of this young man and his problems I am going to commit him to Children's Services Division."

In *State v. Peterson,* 3 Or App 52, 55, 471 P2d 853 (1970), we quoted extensively from *Watson v. Watson,*

221 Or 138, 143-44, 350 P2d 694 (1960). What was said there is uniquely appropriate here:

" 'When a judge of experience is confronted with the serious custodial problem revealed in this matter, we must defer and do to his judgment flowing from his opportunity to see and hear the witnesses. This court is denied that superior advantage by being confined to the consideration of the written record made below.

" 'Moreover, every decision of a trial court in custody matters when tested by appeal, comes to us weighted with the presumption that the court below has properly exercised its judicial discretion in determining what is for the best interest of the child. *Rea v. Rea,* 195 Or 252, 279, 245 P2d 884, 35 ALR2d 612 [1952]. Here, the presumption attains additional force by the evidence of the court's careful and considerate disposal of a delicate and difficult situation and his judicious exercise of all the facilities available to him to insure the health and welfare of the child involved.' "

Affirmed.