Argued April 20, appeal dismissed September 18, 1978

In the Matter of Nagle, Barbara, a Minor Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY et al, *Respondents,*
*v.*
NAGLE, *Appellant.*
(No. 57,842, CA 9543)

584 P2d 338

Paul J. Kelly, Jr., Portland, argued the cause for appellant. With him on the brief was Glasgow & Kelly, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon ex rel Juvenile Department of Multnomah County.

No appearance for respondents Barbara Nagle and Beverly Huffman.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

The father appeals from an order of the juvenile court which continued his daughter's status as ward of the court and her temporary commitment to Children's Services Division (CSD) for care, placement and supervision.

The wardship and temporary commitment to CSD were initially ordered in May, 1977, after the daughter, then almost 12 years old, was found to be within the court's jurisdiction. That order was not appealed. The initial order also provided that the court would review the matter if the daughter had not returned to her father's home by August 20, 1977. The review hearing contemplated by that order was held in October, 1977. In addition to continuing the wardship and the temporary commitment to CSD, the October order provided visitation rights for the father and provided for another review at the expiration of the school year.[1]

---

[1] The October order provides:

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED; that

"1. Barbara is continued a ward of the Court.

"2. Barbara is continued under temporary commitment to Children's Services Division for care, placement and supervision.

"3. The Court approves Barbara's living with her biological mother, Beverly Huffman, subject to supervision by Children's Services Division.

"4. Mr. Nagle shall have visitation on alternate Fridays, beginning at the conclusion of school on Friday afternoon. Mr. Nagle shall have Barbara with him over the weekend and shall make arrangements to take her to school on Monday morning.

"5. This matter shall be reviewed at the expiration of the present school year to determine whether or not Mr. Nagle is able to control Barbara's behavior and is able to maintain an adequate school performance.

"6. Barbara, Beverly Huffman and Mr. Nagle shall continue to participate in the parenting classes at Morrison Center.

"7. Beverly Huffman and Mr. Nagle are urged to cooperate with each other to the end that Barbara will have a meaningful relationship with both of them."

The father does not complain about the specifics of the order, *e.g.,* visitation, but about the failure of the court to return the child to his home.

[ 239 ]

The initial question is whether the October, 1977, order is an appealable order. The right to appeal is controlled by statute. *Logsdon v. State and Dell,* 234 Or 66, 70, 380 P2d 111 (1963). ORS 419.561(1) provides in part that "[a]ny person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom." Therefore, we look to the nature, substance and effect of the October hearing and order to determine appealability.

The October review proceeding was set by the court on its own motion as part of its continuing supervisory role, *see* ORS 419.529, as contemplated by the court's initial assumption of wardship in May. The order merely continues the existing placement under the wardship. Except for form, it is more of a commemorative comment than an order. It makes no new or additional disposition. No authority is granted to CSD as custodian that had not been granted in the initial order. No right of the appellant is diminished; no duty enlarged. No motion of any party is granted or denied. Had there been no order, the status of the wardship would be no different. Therefore, there is no legal event with appellate significance. There was merely a supervisory look at an ongoing wardship with no substantial change ordered.

The perimeters of ORS 419.561(1) have never been definitely stated, perhaps because of the unforeseeable variety of remedial action available to the juvenile court. An order establishing wardship is clearly an appealable order within the statute. *Chandler v. State,* 230 Or 452, 455, 370 P2d 626 (1962); *State v. Peterson,* 3 Or App 52, 54, 471 P2d 853 (1970). The authority of the court to intervene into the life of a ward is broad, *see* ORS 419 passim, and subject to modification, ORS 419.529. Wardship may continue until the child is 21 years old. ORS 491.531(5). Because wardship can last many years, because the court may modify the requirements of wardship, because wardship orders affect profound aspects of personal and family life,

and because a wardship should not continue if the jurisdictional facts upon which it is based have ceased to exist, we do not hold that all acts of the juvenile court after the initial creation of wardship are insulated from appellate scrutiny. Rather, we hold only that where there is no substantial change in the nature or degree of the conditions relating to the wardship or where a right or duty is not affected by a ruling on a motion, there is no appealable order. We need not here catalog which forms of order are appealable under ORS 419.561(1) and which are not. It is enough for this case to hold that an order upon review continuing a wardship without substantial change in the conditions relating to wardship is not a final order affecting the right or duties of a party.

Appeal dismissed.