Argued and submitted February 25, order vacated;
petition dismissed August 3, 1981

In the Matter of Costadinos, Nicholas
and John Mohamed, Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

MOHAMED,
*Appellant.*

(No. 40,255, CA 18865)

632 P2d 31

Barrie J. Herbold, Portland, argued the cause for appellant. With him on the brief were James J. Allen, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Mother appeals from an order of the juvenile court terminating her parental rights in her three children. The children are boys, now 11, eight and five years old. Mother is 29. Our review is *de novo.* ORS 419.561(4).

In February, 1980, Children's Services Division (CSD) petitioned to terminate the mother's parental rights in her two youngest sons. A termination hearing was held in April, 1980. The trial judge ruled that the state had failed to prove its petition for termination by a preponderance of the evidence. Rather than dismissing the petition, the judge, on motion of the state and over mother's objection, ordered the hearing continued for 120 days. On August 6, 1980, the termination petition was amended to include the oldest son, John, who, during the continuance, was apprehended stealing from a store. A second hearing was held August 15, 1980. At its conclusion, the judge ruled that the state had proved the allegations of the amended petition and terminated the mother's rights in all three children.[1] Mother appeals from the August termination order.

Mother presents three assignments of error:

1.  John was denied effective assistance of counsel;

2.  The court erred in continuing the hearing from April, 1980; and

3.  The evidence was insufficient to terminate parental rights.

In view of the disposition of this case we deal only with the second assignment of error.

Mother's contends that the trial court erred when it granted the state's motion for a continuance at the conclusion of the April hearing. The state argues the order of

---

[1] We note that the trial court file, no. 40,255, submitted to this court for review on appeal does not contain a copy of the motion and order to amend the petition to include John. Nor is there a copy of the amended petition. Mother's brief and abstract set out the motion and order to amend with an abbreviated statement with respect to the contents of the amended petition. We conclude the amended petition is the same as the original petition filed February 29, 1980, except for the addition of the third child, John. The state has not questioned the appellant's abstract.

continuance, dated April 23, 1980, was a final and appealable order and that, by failing to timely appeal from that order, mother has waived any challenge in this court to the continuance. Further, the state argues that, in any event, it was within the trial court's discretion to continue the hearing.

The April proceeding involved only the two youngest children. At the conclusion of the hearing, after all the evidence was in and the parties had rested, the court found that the state had not carried its burden of proof that conditions existed which met the statutory standard for terminating parental rights. ORS 419.523(1) and (2).[2] Faced with that result, the state moved for a continuance. The court, over mother's objection, granted a continuance of 120 days. In essence, the trial judge gave the state another chance to prove its petition. The judge recognized this fact, stating:

> "It seems to me that what I'm letting you do is continue a termination petition that you haven't been able to prove in the expectation that the mother's conduct will allow you to prove it at another time."

---

[2] ORS 419.523(1) and (2) provide:

"(1) The parental rights of the parents of a child within the jurisdiction of the juvenile court as provided in subsection (1) of ORS 419.476 may be terminated as provided in this section and ORS 419.525. The rights of one parent may be terminated without affecting the rights of the other parent.

"(2) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"(a) Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for the child for extended periods of time.

"(b) Conduct toward any child of an abusive, cruel or sexual nature.

"(c) Addictive use of intoxicating liquors or controlled substances.

"(d) Physical neglect of the child.

"(e) Lack of effort of the parent to adjust the circumstances of the parent, conduct, or condtions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected.

"* * * * *"

■ Approximately one year prior to the April hearing, the children had been committed to CSD. Accordingly, the order granting the 120 day continuance of the April hearing left the state, the mother and the children in the same position they were in before the hearing, i.e., the children remained wards of the court, temporarily committed to CSD. The continuance merely maintained the *status quo.* It was an "interlocutory order" and not appealable as a final order. ORS 419.561(1). No right or duty of mother or the children had been enlarged or diminished by the continuance. *State ex rel Juv. Dept. v. Nagle,* 36 Or App 237, 584 P2d 338 (1978). Mother's failure to appeal from the order of continuance was not a waiver of her right to question the propriety of the continuance in this appeal.

■■ The continuance gave the state another time at bat, i.e., a chance to gather sufficient additional evidence during the continuance to prove the petition. Generally, it is within the sound discretion of the trial judge to grant a continuance in termination proceedings. *State ex rel Juv. Dept. v. Jones,* 40 Or App 401, 404, 595 P2d 508 (1979), but in this case, we view the continuance to be an abuse of discretion. When the trial judge ruled that the state's proof had failed, that was the end of the case. There was nothing left to base a continuance on. As mother points out, the continuance smacks of a design to trap an unwary parent at some point down the road. The mother was entitled to have the petition dismissed, and we so hold.

There being no *valid* petition pending during the period of the impermissable continuance, there was no petition to amend and thereby include the oldest child John. Absent a petition, the termination hearing in August, 1980, was a nullity and the order terminating mother's parental rights in all three children following the August hearing is void.

The order terminating parental rights is vacated and the petition to terminate parental rights is dismissed.