Argued and submitted September 18, 1996, appeal dismissed March 12, 1997

In the Matter of Gregory and Timothy Foster,
Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY,
*Respondent,*

*v.*

Roxane VOCKRODT,
*Appellant.*

(J-93-0086, J-93-0087; CA A91066)

934 P2d 620

Liza Jane Langford argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Mother appeals from an order in a review hearing in which the juvenile court continued her son as a ward of the court, in the legal custody of the State Office for Services to Children and Families (SOSCF). We hold that the order is not appealable and dismiss the appeal.

The child has been in the custody of SOSCF since February 25, 1993. The order from which mother appeals resulted from a November 7, 1995, hearing, which the court had scheduled to review the child's wardship status. The court found: (1) that the child was still within its jurisdiction; (2) that reasonable efforts had been made to eliminate the need for continued removal of the child from mother's home; and (3) that it was in the child's best interest to continue in the custody of SOSCF. On appeal, mother challenges all three of the court's findings. The state responds that the court did not err and further argues that the order is not appealable.

■ The state relies on *State ex rel Juv. Dept. v. Nagle*, 36 Or App 237, 240-41, 584 P2d 338 (1978), in support of its assertion that the order is not appealable. Under *Nagle*, whether a final wardship order is appealable depends upon the nature, substance and effect of the order. *Id.* at 240. Specifically, a final order is not appealable unless it causes a substantial change in the conditions of the wardship, or it adversely affects a right or duty of the appellant by a ruling on a motion. *Id.* at 240-41.

Mother argues that *Nagle* is no longer viable because it antedated ORS 419B.449(3), which was enacted in 1993. Or Laws 1993, ch 33, § 132. ORS 419B.449(3) provides that

> "[a]ny decision of the court made pursuant to the hearing provided in subsection (1) of this section shall be a final order for purposes of ORS 419A.200."

The hearing in this case was a hearing under ORS 419B.449(1), and therefore, under ORS 419B.449(3), the order at issue is a final order for purposes of ORS 419A.200. That determination, however, does not answer the inquiry

whether the order is appealable. ORS 419A.200 provides, in relevant part:

> "(1)  * * * any person * * * *whose rights or duties are adversely affected by a final order* of the juvenile court may appeal therefrom." (Emphasis supplied.)

As such, although ORS 419B.449(3) provides that a decision from a wardship review hearing is a final order, ORS 419A.200(1) provides for when such a final order may be appealed—when the appellant's rights or duties are adversely affected by it.

Although ORS 419A.200(1) was enacted in 1993, Or Laws 1993, ch 33, § 47, *Nagle* is instructive in determining whether the order in this case is appealable. That is because *Nagle* interpreted the precursor to ORS 419A.200(1), ORS 419.561(1) (1977), and the portion of ORS 419.561(1) (1977) that *Nagle* interpreted survives in ORS 419A.200(1)—specifically, the portion that provided that

> " 'any person whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom.' "

*Nagle*, 36 Or App at 240 (quoting ORS 419.561(1) (1977)). Thus, we hold that the repeal, renumbering and reenactment of ORS 419.561(1) do not abrogate the analysis in *Nagle*. The relevant language remained in the statute, and we have consistently applied the standard as set forth in *Nagle*, up to the point when the legislature renumbered and reenacted the statute in 1993.[1] The standard for whether a wardship order is appealable, set forth in *Nagle*, survives the reenactment of ORS 419.561(1) as ORS 419A.200(1).

Applying that standard, we turn to whether the order in this case is appealable by mother, *i.e.*, whether it substantially changed the conditions of the wardship or adversely affected a right or duty of mother by ruling on a motion. Regarding the first prong of the test, the order in this

---

[1] *See, e.g.*, *State ex rel Juv. Dept. v. Black*, 101 Or App 626, 628-29, 792 P2d 1225 (1990); *State ex rel Juv. Dept. v. Hurley*, 65 Or App 805, 806, 672 P2d 72 (1983); *State ex rel Juv. Dept. v. V.*, 62 Or App 293, 295 n 1, 660 P2d 707 (1983); *State ex rel Juv. Dept. v. Mohamed*, 53 Or App 407, 411, 632 P2d 31 (1981); *State ex rel Juv. Dept. v. East*, 38 Or App 59, 61-65, 589 P2d 744, *rev den* 286 Or 1 (1979).

case did not substantially change the conditions of the wardship; it merely continued the wardship and its conditions as they had been previously in effect. Regarding the second prong of the test, the only motion mother made at the review hearing was for a "hearing [on] lack of reasonable efforts to return the child home," an issue the court was required to consider regardless of mother's motion. ORS 419B.340(1). The court granted mother's motion, and she presented testimony pursuant to her argument that reasonable efforts had not been made to continue the child in therapy so that the child could be returned home. At the conclusion of the hearing, the court ordered that the child would continue in therapy. Because the court granted her motion for a hearing and continued the child in therapy as mother desired, her rights and duties were not adversely affected by the court's ruling on her motion.

Mother made no other motions. She did not request the court to conduct the status hearing from which the order issued,[2] nor did she make a motion that the child be returned to her. The fact that mother made *a* motion and that the order's *overall effect* was unfavorable to her, insofar as it continued the wardship, is insufficient to render the order appealable. Under *Nagle*, to be an appealable order, it must have substantially changed the conditions of the wardship or adversely affected a right or duty *by a ruling on a motion*. Mother's motion, which essentially amounted to a request that the child be continued in therapy, was ruled upon in her favor. Other than that, the order continued the status quo. As such, it is not appealable by mother under either criterion. *See State ex rel Juv. Dept. v. V.*, 62 Or App at 295 n 1.

Appeal dismissed.

---

[2] The review hearing was set by the court on its own motion as part of its continuing supervisory role.