Argued and submitted March 11, appeal dismissed April 29, 2009

In the Matter of I. B. W.,
a Minor Child.

STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

C. B.,
*Appellant.*

Jackson County Circuit Court
080362J; Petition Number 080362JA;
A140247

206 P3d 1139

Megan L. Jacquot argued the cause and filed the brief for appellant.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This is a dependency case in which mother is attempting to challenge the validity of an administrative rule of the Department of Human Services (DHS) that defines a "relative" for purposes of placing a child in foster care to include adoptive parents of a child's biological siblings. According to mother, a "relative" should be construed to be limited to those who are biologically related to the child. The juvenile court rejected mother's contention, but then entered a judgment that did not change the child's placement with a biological relative. Mother nevertheless appeals, challenging the court's ruling on the validity of the rule. DHS responds that the appeal should be dismissed because the issue that mother raises is not justiciable, given that the judgment itself does not adversely affect her in any way. We agree with DHS and dismiss the appeal.

The relevant facts are not in dispute. Mother had three children before 2008. She relinquished parental rights to those children, who were later adopted. On June 13, 2008, mother gave birth to the child at issue in this case, who is a half-sibling to the other children. Three days later, DHS filed a dependency petition with regard to that child, who was then placed in foster care with the family who adopted two of mother's other children (the foster family). The juvenile court signed a judgment of jurisdiction over the child in August 2008 and held a dispositional hearing the following month.

At the dispositional hearing, mother asked the juvenile court to order DHS to place the child with mother's aunt rather than the foster family. Mother contended that the foster family was not biologically related to the child and were not "relatives" who must be given preference in DHS's placement decisions, under ORS 419B.192(1). Mother acknowledged the existence of a DHS administrative rule, OAR 413-070-0069(1)(a)(D), which provides that "[a]doptive parents of the sibling of the child" are considered relatives for placement purposes. She argued that the rule is invalid. On September 3, 2008, the court entered a judgment committing the child to DHS's custody with a stated placement preference of "Foster care or Relative foster care" and scheduled a hearing on mother's rule challenge.

In the meantime, DHS decided to place the child with mother's aunt and began the process of transitioning the child from the foster family to the aunt. The actual transition was scheduled to take place on September 22, 2008.

On September 17, 2008, the court held a review hearing, at which DHS argued that mother's arguments about the validity of the rule had become moot, in light of the agency's decision to place the child with mother's aunt. The juvenile court disagreed that the matter had become moot because, until the child is permanently placed, DHS could change its placement decision. It then determined that the challenged rule was valid, ruling from the bench that "placement with biological siblings, whether the[ir] parental relationship with their biological parent has been terminated or not, is a relative placement."

On September 23, 2008, the court entered judgment concluding that it is in the best interests of the child to remain a ward of the court in the legal care and custody of DHS "for continued placement in a relative foster care."

■      Mother appeals that judgment, challenging the juvenile court's ruling from the bench upholding the validity of the DHS administrative rule defining who is a "relative" for placement purposes. DHS argues that we lack jurisdiction to address that contention. According to DHS, the September 23 judgment that mother challenges is not appealable, because it does not effect a change in the child's circumstances and does not otherwise adversely affect mother. The effect of the September 23 judgment, DHS argues, was simply to confirm the September 3 judgment, which stated a preference for "Foster care or Relative foster care." Indeed, DHS argues, the September 23 judgment omitted any reference to a preference for placement with nonrelative foster care, which is precisely what mother wanted. Moreover, DHS contends, the September 23 judgment says nothing one way or the other about the validity of the administrative rule. The juvenile court's comments from the bench on the matter, DHS argues, amount to an advisory opinion.

Mother acknowledges that nothing in the September 23 judgment itself adversely affects her and that, in the meantime, DHS has ordered the child to be placed with mother's

aunt, as she requested. She insists that we should address the validity of the administrative rule, however, because DHS could change its mind at some point in the future about the child's placement, "resulting in a chance that the qualified relative placement chosen by the parents and clearly authorized by statute will not be the placement for the child."

ORS 419A.200(1) provides that, subject to exceptions not pertinent to this case, "any person or entity, including, but not limited to, a party to a juvenile court proceeding * * * whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom." In *State ex rel Juv. Dept. v. Vockrodt*, 147 Or App 4, 7-8, 934 P2d 620 (1997), we concluded that an order in a review hearing was not appealable under that statute because the order "did not substantially change the conditions of the wardship; it merely continued the wardship and its conditions as they had been previously in effect."

Like the order in *Vockrodt*, the September 23, 2008, judgment did not change the child's status from what was ordered in the September 3, 2008, judgment. The judgment itself does not adversely affect mother in any other way. Mother's sole contention is that the juvenile court's ruling from the bench concerning the validity of the challenged administrative rule *could* adversely affect her at some time in the future *if* DHS decides to alter the child's placement. The statute, however, provides that only a person whose rights actually "are * * * affected" by the challenged judgment may appeal that judgment. ORS 419A.200(1). It does not authorize an appeal based on hypothetical harm that may occur, contingent upon events or decisions that have not yet happened. *Cf. US West Communications v. City of Eugene*, 336 Or 181, 191, 81 P3d 702 (2003) (declaratory judgments statute, which authorizes suit by persons whose rights "are affected," ORS 28.020, requires that "the controversy must involve a dispute based on present facts rather than on contingent or hypothetical events").

We therefore conclude that mother may not appeal the September 23, 2008, judgment. We express no opinion

about the juvenile court's decision concerning the validity of the administrative rule that mother seeks to challenge.

Appeal dismissed.