Argued and submitted February 23, appeal dismissed May 25, petition for review denied August 25, 2016 (360 Or 237)

In the Matter of F. H.-M. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. D. D. B.,
*Appellant.*

Lane County Circuit Court
14526J;
Petition Number 14526J01;
A160459 (Control)

In the Matter of I. F. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. D. D. B.,
*Appellant.*

Lane County Circuit Court
14527J;
Petition Number 14527J01;
A160460

375 P3d 575

Shannon Flowers, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## TOOKEY, J.

In this consolidated juvenile dependency case, mother appeals from two "disposition review" judgments in which the juvenile court continued the placement of her two children in substitute care and continued its previous finding that the Department of Human Services (DHS) made reasonable efforts to reunify the family. DHS contends that the judgments are not appealable, and, accordingly, we should dismiss the appeal. Mother responds that the judgments adversely affect her rights and duties because they determine that DHS made reasonable efforts to reunify the family. *See* ORS 419A.200(1) ("[A]ny person * * * whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom."). Mother requests that we overrule *State ex rel Juv. Dept. v. Vockrodt*, 147 Or App 4, 934 P2d 620 (1997), in which we held that a reasonable efforts determination does not necessarily affect a parent's rights or duties and, accordingly, does not necessarily render a decision of the juvenile court appealable.

We decline to overrule *Vockrodt* and, instead, adhere to our previous understanding of the appealability of juvenile court judgments. Here, the judgments that mother appeals merely continue the wardship and placement and continue a reasonable efforts determination made approximately one month before the judgments on appeal. Mother did not raise any changed circumstances or new information in support of her contention that the juvenile court should not continue the previous reasonable efforts finding. Accordingly, the judgments are not appealable, and we must dismiss the appeal.

The relevant facts are procedural and undisputed. In October 2014, DHS filed dependency petitions alleging that the children were within the jurisdiction of the juvenile court because of their conditions or circumstances. ORS 419B.100(1)(c).[1] The court took jurisdiction and placed the children in the legal custody of DHS. ORS 419B.337.

---

[1] That statute provides, with exceptions not relevant here, that "the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and * * * [w]hose condition or circumstances are such as to endanger the welfare of the person or of others."

At first, the children remained in mother's physical custody. However, in November 2014, they were removed from mother and placed in foster care.

Soon thereafter, amended petitions were filed. In February 2015, after a hearing, the juvenile court entered judgments taking jurisdiction on the amended petitions and continuing the children's placement in foster care. DHS returned the children to mother's care in May 2015. In July 2015, DHS again removed the children and placed them in foster care. After that removal, on July 17, 2015, the court entered "disposition review" judgments that, among other things, continued the children in foster care and determined that DHS "has made reasonable efforts to reunify the child with a parent."

In August 2015, the court held another "disposition review" hearing. It described the purpose of the hearing as follows, "[W]e were here not long ago. The Court removed the children from mother's care. And this hearing was set, I think, to give everybody more time to address placement." At the hearing, both DHS and mother presented evidence and argument regarding whether the children should remain in foster care or be returned to mother. In the course of arguing that the children should be placed with her, mother argued that, when DHS took the children from her care in July 2015, "an in-home safety plan should have been developed and still needs to be developed to get these kids home."

The court adhered to its July rulings, stating, "[W]hen I look at all the information that I have under the totality of the circumstances, my prior orders will continue to apply. I will continue the placement in foster care. I will continue the reasonable efforts finding." The court entered the two judgments on appeal, which are consistent with that oral ruling.

On appeal, mother argues that the juvenile court erred in determining that DHS made reasonable efforts both to prevent the children's removal and to reunite the family. *See* ORS 419B.337(1)(b) ("When the court enters * * * an order continuing care, the court shall make a written finding as to whether * * * [r]easonable efforts, considering the

circumstances of the ward and parent, have been made * * *
to make it possible for the ward to safely return home."). DHS
responds that the judgments are not appealable under ORS
419A.200, which governs appeals in juvenile dependency
proceedings. ORS 419A.200(1) provides, with an exception
not relevant here, that "any person or entity, including, but
not limited to, a party to a juvenile court proceeding under
ORS 419B.875(1) * * *, whose rights or duties are adversely
affected by a judgment of the juvenile court may appeal
therefrom."[2] Relying on *State ex rel Juv. Dept. v. Nagle*, 36
Or App 237, 584 P2d 338 (1978), and later cases using the
same reasoning, DHS contends that, under that statute, the
judgments at issue here are not appealable because they do
not affect mother's rights or duties.

In *Nagle*, we decided that the order on appeal was
not appealable under *former* ORS 419.561 (1977), *repealed
by* Or Laws 1993, ch 33, § 373, the predecessor to ORS
419A.200(1).[3] 36 Or App at 239-41. There, the juvenile court
took jurisdiction over a child in May 1977 and committed
her to the custody of the Children's Services Division (CSD),
a predecessor of DHS. *Id.* at 239. The court held a review
hearing in October 1977. *Id.* After the review hearing, the
court entered an order continuing the wardship and the
commitment to CSD and providing visitation rights to the
father. *Id.* The father appealed.

We concluded that the order was not appealable
because it created "no substantial change in the nature or
degree of the conditions relating to the wardship" and no

---

[2] ORS 419A.205(1) defines "judgments," for purposes of ORS 419A.200(1), as
follows:

"(a) A judgment finding a child or youth to be within the jurisdiction of
the court;

"(b) A judgment disposing of a petition including, but not limited to, a
disposition under ORS 419B.325 * * *;

"(c) Any final disposition of a petition; and

"(d) A final order adversely affecting the rights or duties of a party and
made in a proceeding after judgment including, but not limited to, a final
order under ORS 419B.449[, governing review hearings,] or 419B.476[, gov-
erning permanency hearings]."

[3] *Former* ORS 419.561(1) (1977), provided, in part, that "[a]ny person whose
rights or duties are adversely affected by a final order of the juvenile court may
appeal therefrom."

"right or duty [was] affected by a ruling on a motion." *Id.* at 241. We explained:

> "[The order] makes no new or additional disposition. No authority is granted to CSD as custodian that has not been granted in the initial order. No right of the appellant is diminished; no duty enlarged. No motion of any party is granted or denied. Had there been no order, the status of the wardship would be no different."

*Id.* at 240. Because the father's rights or duties were not adversely affected by the order, we dismissed the appeal. *Id.* at 241.

Mother contends that the reasoning set out in *Nagle* no longer applies because, when *Nagle* was decided, the juvenile code "imposed no requirements on the department that it make efforts to reunify families or that those efforts be reasonable." *See generally former* ORS 419.500 (1977), *repealed by* Or Laws 1993, ch 33, § 373 (substance of juvenile court hearing); *former* ORS 419.507 (1977), *repealed by* Or Laws 1993, ch 33, § 373 (disposition by juvenile court). Now, by contrast, DHS is required to make reasonable efforts to reunify families. *See* ORS 419B.337(1)(b) (in an order removing child from parents' custody or continuing substitute care, a court must make a finding as to whether DHS has made reasonable efforts to make it possible for the ward to safely return home); ORS 419B.340(1) (similar determination required in dispositional judgment); ORS 419B.476(2)(a) (reasonable efforts finding required in permanency judgment if case plan at time of hearing is reunification).

Mother points out that DHS's failure to make reasonable efforts will delay a change of permanency plan away from reunification and delay the filing of a petition to terminate parental rights. *See* ORS 419B.476(2)(a) (before changing the permanency plan away from reunification, the court must find that DHS has made reasonable efforts and, despite those efforts, the parent has failed to make sufficient progress to make it possible for the child to safely return home); ORS 419B.498(2)(c) (DHS's failure to make reasonable efforts is a reason not to file a petition to terminate parental rights); *see also Dept. of Human Services v. J. F. D.*, 255 Or App 742, 750 n 4, 298 P3d 653 (2013) (noting

the delay in filing of petition in support of the conclusion that an erroneous finding of reasonable efforts in a dispositional judgment required a remand for correction of the judgment). Accordingly, mother posits, any judgment that contains a determination that DHS has made reasonable efforts adversely affects a parent's rights or duties.

Mother concedes that we have applied the reasoning from *Nagle* in cases decided since the enactment of the reasonable efforts requirement. Specifically, she notes that we adhered to the reasoning of *Nagle* in *Vockrodt*, 147 Or App at 7 ("[T]he repeal, renumbering and reenactment of ORS 419.561(1) [as ORS 419B.200(1)] do not abrogate the analysis in *Nagle*."). In *Vockrodt*, the mother appealed from an order entered after a review hearing that continued her child in the legal custody of the State Office for Services to Children and Families (SOSCF) and found that SOSCF had made reasonable efforts to eliminate the need for continued removal from the mother. *Id*. at 6.

We applied our reasoning from *Nagle*. We explained that the order had not substantially changed the conditions of the wardship because it had "merely continued the wardship and its conditions as they had been previously in effect." *Id*. at 8. Nor had it adversely affected the mother's rights or duties by ruling on a motion, because the mother's only motion had been a request for the court to determine that reasonable efforts by SOSCF required continuing the child in therapy to facilitate a return home, and the court had agreed and continued the child in therapy. *Id*. The fact that the order had the generally unfavorable overall effect of continuing the wardship did not make it appealable because, by continuing the wardship, the order merely continued the status quo. *Id*.

Mother contends that, to the extent that our holding in *Vockrodt* indicates that the fact that an order or judgment contains a reasonable efforts determination does not render it appealable, we should not adhere to *Vockrodt*.

At this point, however, the reasoning first articulated in *Nagle* is well established in our case law, including in cases much more recent than *Vockrodt*. *See, e.g., Dept. of*

*Human Services v. C. B.*, 228 Or App 85, 89, 206 P3d 1139 (2009) (review judgment was not appealable because it "did not change the child's status from what was ordered in" a previous dispositional judgment); *State ex rel Juv. Dept. v. L. V.*, 219 Or App 207, 217, 182 P3d 866 (2008) (permanency judgment affected the father's rights or duties and, accordingly, was appealable, where the father specifically requested one permanency plan and the court rejected that request and ordered a different plan); *Dept. of Human Services v. S. P. B.*, 218 Or App 97, 103, 178 P3d 307 (2008) (father could appeal judgment dismissing petition without prejudice because he had affirmatively requested that the petition be dismissed with prejudice); *State ex rel Juv. Dept. v. Ortiz*, 187 Or App 116, 119-26, 65 P3d 1118 (2003) (order denying youth's "Motion to Amend Order of Commitment" to Oregon Youth Authority not appealable under ORS 419A.200 because the court had already considered and disposed of exactly the question at issue and "the court's order, in effect, merely retained or continued all of the incidents or 'conditions' of its previous disposition"); *State ex rel SOSCF v. Imus*, 179 Or App 33, 39-40, 39 P3d 213 (2002) (duty of agency to provide services was affected by juvenile court's order taking jurisdiction on some allegations in the petition and disallowing it on others; accordingly, agency could appeal order); *State ex rel Juv. Dept. v. Brown*, 175 Or App 1, 7-9, 27 P3d 502, *rev den*, 332 Or 558 (2001) (review order that "does not make any substantial change in the conditions of the wardship that resulted from [a previous] order" is not appealable; another later order that "implemented a specific permanent foster care placement for each child" was "the court's first order that ruled against appellants' request for placement of the children with relatives" and, accordingly, was appealable). We decline mother's invitation to overrule *Vockrodt*.

Here, in the July 17 judgments, the court determined that the children should be placed in foster care and that, in the period including the time after DHS had removed the children from mother's physical custody, DHS had made reasonable efforts to reunify the children with mother. At the August hearing, mother contended that DHS had not made reasonable efforts to reunify the children with her. She argued that DHS did not consider implementing an in-home

safety plan before placing children back in foster care, that it still had not developed such a plan, and that its efforts therefore had not been reasonable. The court had addressed that question in the July 17 judgments, and mother did not cite any changed circumstances or new information in support of what was, in essence, a request for reconsideration at the hearing less than one month later. Thus, under the particular circumstances of this case, the August judgments did not deny any request for affirmative relief that mother raised for the first time or renewed with the support of changed circumstances or new information. Accordingly, we conclude that the judgments are not appealable.

Appeal dismissed.