Submitted April 5, appeal dismissed May 10, petition for review allowed September 14, 2017 (361 Or 885)

In the Matter of A. B. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. B.
and T. J. D. J.,
*Respondents,*

*v.*

A. B. B.,
*Appellant.*

Marion County Circuit Court
J140737;
A163491 (Control)

In the Matter of A. B. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. B.
and T. J. D. J.,
*Respondents,*

*v.*

A. B. B.,
*Appellant.*

Marion County Circuit Court
J140784; A163493

In the Matter of A. B. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. B.
and T. J. D. J.,
*Respondents,*

*v.*

A. B. B.,
*Appellant.*

Marion County Circuit Court
15JU00035; A163495

In the Matter of L. L. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

H. R.-C.
and S. M. B.,
*Respondents,*

*v.*

L. L. B.,
*Appellant.*

Marion County Circuit Court
J130536; A163497

In the Matter of L. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

H. R.-C.
and S. B.,
*Respondents,*

*v.*

L. B.,
*Appellant.*

Marion County Circuit Court
J140628; A163499

In the Matter of L. L. B.-C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

H. R.-C.
and S. B.,
*Respondents,*

*v.*

L. L. B.-C.,
*Appellant.*

Marion County Circuit Court
J140627; A163501

In the Matter of L. L. B.-C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

H. R.-C.
and S. B.,
*Respondents,*

*v.*

L. L. B.-C.,
*Appellant.*

Marion County Circuit Court
J130535; A163503

396 P3d 306

Adrian Tobin Smith filed the briefs for appellants.

Valerie Colas, Deputy Public Defender, filed the brief for respondent T. J. D. J.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent DHS.

No appearance for respondents H. R.-C and S. M. B.

Before Egan, Presiding Judge, and Lagesen, Judge, and Linder, Senior Judge.

**LAGESEN, J.**

Children bring this consolidated appeal from review judgments under ORS 419B.449 in a juvenile dependency proceeding that is subject to the Indian Child Welfare Act (ICWA). They assign error to the juvenile court's determination in those judgments that the Department of Human Services (DHS) has made "active efforts" to reunify the family, contending that the evidence is legally insufficient to support that determination. *See* ORS 419B.340(1) (requiring juvenile court to assess whether DHS has made "active efforts," to a permit a child to stay in, or return to, child's home in certain orders in dependency cases subject to ICWA). In response, DHS argues, among other things, that the review judgments are not appealable and that, in all events, the evidence is legally sufficient to support the juvenile court's active-efforts determination. We conclude that the review judgments at issue are not appealable and, accordingly, dismiss the appeal.

Under ORS 419B.449(7) and ORS 419A.200(1), a review judgment or an order issued under ORS 419B.449 is appealable if "the rights or duties" of the appealing party are "adversely affected." ORS 419A.200(1); *Dept. of Human Services v. A. D. D. B.*, 278 Or App 503, 375 P3d 575, *rev den*, 360 Or 237 (2016) (adhering to previous understanding of the appealability of judgments iterated in *State ex rel Juv. Dept. v. Vockrodt*, 147 Or App 4, 934 P2d 620 (1997)). A review judgment that "merely continue[s] the status quo" of the wardship, and that does not deny a request for affirmative relief raised by the appealing party at the review hearing, does not adversely affect the rights or duties of the appealing party. *A. D. D. B.*, 278 Or App at 509, 511; *Vockrodt*, 147 Or App at 8. Rather, to be appealable, a review judgment must have "substantially changed the conditions of the wardship or adversely affected a right or duty of [the appealing party] by ruling on a motion." *Id.* at 7.

*Vockrodt* is illustrative. In that case, we concluded that a mother was not adversely affected by a review judgment where (1) the judgment merely had the effect of continuing the conditions of the wardship; and (2) the juvenile

court had granted all the affirmative relief that the mother had requested at the review hearing (*i.e.*, a hearing on DHS's reasonable efforts to reunify the family and an order to continue the child in therapy). *Id.* at 8. Notably, although the review judgment contained a determination that "reasonable efforts had been made to eliminate the need for continued removal of the child from mother's home," and the mother contested that determination, we rejected the mother's contention that the judgment sufficiently affected her rights to permit an appeal under ORS 419A.200(1). *Id.* at 6. Similarly, in *A. D. D. B.*—relying largely on *Vockrodt*, and rejecting an argument that we should overrule that decision—we concluded that the juvenile court's "reasonable efforts" finding in a review judgment did not sufficiently affect a mother's rights to render the judgment appealable. 278 Or App at 505. There, the judgment as a whole simply maintained the status quo of the wardship and the mother's argument that DHS had not made reasonable efforts was, for all practical purposes, a request for reconsideration of a previous reasonable efforts determination by the juvenile court. *Id.* at 510.

This case is difficult to distinguish meaningfully from *Vockrodt*. As in *Vockrodt*, the juvenile court in this case determined that DHS has made the efforts required by statute to reunify the family and that is the determination challenged on appeal. However, the review judgments at issue otherwise maintain the existing conditions of the wardships. Beyond that, children did not make any motions for affirmative relief that were denied at the hearing. As a result, children have not been adversely affected by any unfavorable ruling on a motion. Although children, expressing concern and disappointment with DHS's efforts to date, argued that the agency should be making additional efforts to increase contact between children and their relatives, and to facilitate children's return to the care of mother, children did not, in the end, request that the court order any particular services or actions by DHS in the review judgments. Moreover, the juvenile court was otherwise sympathetic to children's arguments. Although it did not order any particular actions by DHS, the court stated that it expected DHS to engage in more extensive planning with mother and

continue to explore how to facilitate contact between one of the children and her incarcerated father.[1]

Under those circumstances, the judgments do not adversely affect the rights or duties of children, and *Vockrodt* dictates the conclusion that the review judgments at issue are not appealable.

Appeal dismissed.

---

[1] Children do not all share the same father.