On respondents Linda Hjort and Donald Strom's motion to dismiss and for determination of jurisdiction filed January 5, and appellant's opposition to motion to dismiss and to determine jurisdiction filed January 12, motion to dismiss granted; appeal dismissed March 1, decision vacated; juvenile court order vacated; appeal dismissed by order May 8, 2000

In the Matter of
Codi Ann Corbit, a Minor Child.

STATE ex rel STATE OFFICE FOR SERVICES
TO CHILDREN AND FAMILIES,
*Appellant,*

*v.*

Codi Ann CORBIT,
Judy Royse, Linda Hjort, and Donald Strom,
*Respondents.*

(9507-82081; CA A108366)

997 P2d 294

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, for appellant.

Emily S. Cohen and Richard D. Cohen for respondents Linda Hjort and Donald Strom.

No appearance for respondents Codi Ann Corbit and Judy Royse.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, J.

**HASELTON, J.**

The State Office for Services to Children and Families (SOSCF) appeals from orders issued by the trial court in connection with its review of the agency's adoption recommendation in this case. The minor child is a ward of the juvenile court, and permanently committed to the custody of SOSCF. After an SOSCF adoption committee approved the maternal grandmother as the child's adoptive placement, the paternal grandmother and her domestic partner, with whom the child has resided since 1996, petitioned the trial court for review of that recommendation.

Following a hearing, the trial court issued several orders on October 22, 1999. The first order requires SOSCF to provide copies of the adoption home studies of the grandparents undertaken by the agency to all attorneys for the parties in the case. The second order bars SOSCF from removing the child from the paternal grandmother's home until further order of the court. On November 3, 1999, the trial court denied SOSCF's motion to stay the orders entered on October 22, 1999. This appeal is from all three orders. SOSCF also moved in this court to stay the first two orders. We granted a temporary stay pending resolution of the appealability question. The paternal grandmother and her domestic partner have moved to dismiss the appeal on the ground that the orders are not appealable. We agree.

SOSCF contends that the orders are appealable under ORS 419A.200(1),[1] because they substantially affect the right and duty of SOSCF to protect the confidentiality of the adoptive home studies under applicable statutes and regulations. That argument misses the mark because, whatever their interlocutory impact, none of the orders is a *"final order of the juvenile court"* within the meaning of ORS 419A.200(1).

---

[1] ORS 419A.200(1) provides:

"Except as provided in ORS 419A.190, any person or entity, including, but not limited to, a party to a juvenile court proceeding under ORS 419B.115 (1) or 419C.285 (1), whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom. An appeal from a circuit court shall be taken to the Court of Appeals, and an appeal from a county court shall be taken to the circuit court."

The juvenile court has not yet ruled on the propriety of the SOSCF adoption committee's recommendation that the maternal grandmother be allowed to adopt the child. Until the trial court determines that question, the orders challenged in this appeal are intermediate to that result and are not final and appealable. *See State ex rel Juv. Dept. v. Paull*, 129 Or App 227, 229, 878 P2d 1135 (1994) (order finding child to be within the jurisdiction of the juvenile court not final in the absence of a dispositional order: "Whether a disposition is complete and final for purposes of appeal depends on *whether the record shows that the juvenile court has completed the disposition it intends to make.*") (emphasis added).

We note, finally, that, notwithstanding the absence of direct appellate jurisdiction, SOSCF may seek to protect the confidentiality of the home placement study through other means, including by way of a mandamus proceeding in the Supreme Court pursuant to ORS 34.110.

Motion to dismiss granted; appeal dismissed.