51 P.3d 637 (2002)
183 Or.App. 140
In the Matter of Brandon James Morgan, a Minor Child.
STATE ex rel STATE OFFICE FOR SERVICES TO CHILDREN AND FAMILIES, Appellant,
v.
Brandon James MORGAN and Nancy Minus-Tisdale, Respondents.
00-07-31J, 00-07-31J01, 00-07-31J02; A114711
Court of Appeals of Oregon.
Argued and Submitted June 4, 2002.
Decided July 31, 2002.
Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.
No appearance for respondents.
Before HASELTON, Presiding Judge, and LINDER and WOLLHEIM, Judges.
WOLLHEIM, J.
The State Office for Services to Children and Families (SCF) appeals from a juvenile court order requiring it to supply the attorney for child and also the Court Appointed Special Advocate (CASA) with copies of adoption home studies of two families. We review for an abuse of discretion, State ex rel SOSCF v. Williams, 168 Or.App. 538, 540, 7 P.3d 655 (2000), rev. dismissed 333 Or. 596, 44 P.3d 590 (2002), and reverse.
The material facts are not disputed. Child's mother is deceased, and his father is incarcerated. In November 2000, a permanency hearing was held in which the juvenile court reviewed SCF's plan for child. The plan for child was adoption, but no termination of parental rights petition had been filed. The court disapproved SCF's plan for adoption, stating that child would be harmed by terminating father's parental rights. Rather, the court ordered SCF to change its plan to a permanent guardianship. Although the juvenile court ordered SCF to eliminate adoption as a placement option, the court also ordered SCF to complete home studies of two families within 90 days. SCF filed a notice of appeal, then subsequently dismissed it.
In April 2001, SCF filed a petition to terminate father's parental rights. Soon thereafter, SCF convened an adoption committee to consider potential adoptive placements for child. One of the two families considered was accepted.[1] Child's attorney and the *638 CASA moved to compel disclosure of copies of the adoption home studies of the two potential adoptive placements for child that the juvenile court ordered SCF to complete at the November 2000 hearing. Child's attorney also filed a motion to dismiss the petition for termination of parental rights. At all times throughout the proceeding, both child's attorney and the CASA argued that terminating father's parental rights was not in child's best interests and urged the court to establish a permanent guardianship.[2] In May 2001, a hearing was held on those two motions. The juvenile court granted the motions to compel and dismissed the termination petition. The juvenile court also reaffirmed its November 2000 order mandating that SCF change its plan to a permanent guardianship.
SCF appeals from the order requiring it to supply child's attorney and the CASA with copies of the adoption home studies. SCF makes several arguments. First, SCF argues that Williams was wrongly decided and should be overruled. Second, SCF argues that regardless of Williams' correctness, there is no authority that allows the disclosure of home studies to CASAs.
We recently addressed both of those arguments in State ex rel SOSCF v. Mitchell, 182 Or.App. 402, 49 P.3d 838 (2002). There, we refused to overrule Williams and adhered to our decision that the juvenile court has the authority to order SCF to disclose home studies to a child's attorney. Id. at 409, 49 P.3d 838. We further held that the juvenile court has the authority to order SCF to disclose home studies to a CASA to the extent necessary for the CASA to perform his or her statutorily and administratively created functions.[3]Id. at 411-13, 49 P.3d 838. Thus, based on both Williams and Mitchell, it would seem that the juvenile court here did not err in requiring disclosure to both child's attorney and the CASA. However, the facts of this case differ from those of both Williams and Mitchell. In both of those cases, the children involved were released for adoption because their parents' rights had been terminated. Here, on the other hand, child is not legally free for adoption because father's parental rights have not been terminated.
Therefore, the question becomes whether the juvenile court exceeded its discretion in requiring disclosure in this case when no adoption proceeding is pending or contemplated in the future. SCF argues that the juvenile court did abuse its discretion, because child was no longer a candidate for adoption but rather was placed in a permanent guardianship.[4] We agree.
"`Discretion' generally refers to the authority of the trial court to choose among several legally correct outcomes. * * *
"A court abuses its discretion, for example, when the relevant evidence is undisputed and does not rationally support the decision the trial court made." EMC Mortgage Corp. v. Davis, 174 Or.App. 524, 528, 26 P.3d 185 (2001).
See also Antunez v. Lampert, 169 Or.App. 196, 200, 7 P.3d 735 (2000) (Wollheim, J., concurring), rev. den. 331 Or. 583, 19 P.3d 355 (2001). Here, the juvenile court ordered disclosure of the home studies and dismissed SCF's termination petition at the same hearing. Because the court dismissed the termination petition and reaffirmed its previous order mandating a plan of a permanent guardianship, it essentially eliminated adoption as a permanent placement disposition. See ORS 419B.498(1); ORS 419B.527(1)(b) (providing for the termination of parental rights and authorizing adoption of children *639 after termination occurs). Accordingly, there is no reason to disclose the adoptive home studies to either child's attorney or the CASA.
No useful purpose will be served by disclosure, while great detriment could be caused to the two families who were the subjects of the home study. We therefore agree with SCF that the juvenile court's order compelling the production of adoption home studies to child's attorney and the CASA was an abuse of discretion.
Reversed.
NOTES
[1] These were the same two families that, at the November 2000 hearing, the juvenile court ordered SCF to complete home studies on.
[2] In fact, at a review hearing held in August 2001, SCF's plan and recommendation to the court changed from adoption to a permanent guardianship of one family with visitation rights by the other family. The juvenile court appointed both families as temporary co-guardians for child.
[3] We ultimately held in Mitchell that, although the juvenile court has the authority to order SCF to disclose the home studies once SCF has submitted them to the adoption committee for consideration, it exceeded its discretion in requiring the level of disclosure the juvenile court ordered in that case, i.e., disclosing home studies to the CASA of families that had not been submitted to the adoption committee. 182 Or.App. at 418-19, 49 P.3d 838.
[4] Neither child's attorney nor the CASA filed briefs on appeal.