Argued and submitted January 29, reversed and remanded April 3, 2003

In the Matter of
Matthew Robert Roldan, a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Appellant,*

*v.*

Matthew Robert ROLDAN
and Patricia Rehberg,
*Respondents.*

99-11-34J; A117750 (Control)

In the Matter of
David Aaron Lamb, a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Appellant,*

*v.*

David Aaron LAMB
and Patricia Rehberg,
*Respondents.*

99-11-35J; A117751

In the Matter of
Lisa Rose Roldan-Sears, a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Appellant,*

*v.*

Lisa Rose ROLDAN-SEARS
and Patricia Rehberg,
*Respondents.*

00-06-25J; A117752
(Cases Consolidated)

67 P3d 968

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

The Department of Human Services (DHS) appeals from a Clackamas County juvenile court order requiring DHS to provide the children's court appointed special advocate (CASA) with copies of home studies of the families that DHS was considering as potential adoptive families for the children. The issue is whether the juvenile court abused its discretion in ordering the production of the home studies before DHS had decided which, if any, of the families would be submitted for consideration by the adoption committee. We reverse.

This case involves three siblings who are legally free for adoption due to the termination of their biological parents' rights. Because the case involved children who are siblings, a "permanency committee" met to determine whether it was appropriate to place the children together or in separate homes. *See* OAR 413-110-0100 - 413-110-0140. The permanency committee decided that the children should be placed together. All interested parties appealed that decision administratively. While review of the permanency committee's decision was pending, the court ordered DHS to produce home studies of the families that were being considered to adopt the children. Due to the dispute regarding whether the children should be placed together, at the time when the court ordered production of the home studies, no adoption committee meeting was scheduled, and DHS had not decided which, if any, of the prospective adoptive families would be submitted for consideration by the adoption committee.

In *State ex rel SOSCF v. Williams*, 168 Or App 538, 550-51, 7 P3d 655 (2000), *rev dismissed*, 333 Or 596 (2002), this court articulated the principle that, when a juvenile court orders the production of adoption home studies, the court, to act within its discretion, must balance the right to privacy of the subjects of the home studies with the need of the party requesting the information. That principle was reaffirmed by this court in *State el rel SOSCF v. Mitchell*, 182 Or App 402, 414, 49 P3d 838, *rev den*, 335 Or 42 (2002). In *Mitchell*, we held that

"the juvenile court has authority to order disclosure to a CASA of the information that is necessary for the CASA to perform his or her statutory functions. The CASA is entitled to access to the information in those home studies that are actually submitted and considered by the adoption committee. * * * The triggering events for disclosure are a request by CASA, and the decision by [DHS] to submit a home study or studies to the adoption committee for consideration."

182 Or App at 419.

In this case, at the time the court ordered production of the home studies, the adoption committee was not scheduled to meet and DHS had not decided which of the home studies would actually be submitted for consideration. Thus, one of the "triggering events" under *Mitchell* had not occurred. The issue, then, is whether the permanency committee's consideration of whether the siblings should be split up, the subsequent administrative review of that committee's decision, and the CASA's role in that process made it necessary for the CASA to have the home studies.

As a matter of policy, DHS attempts to place children in a way that will maintain sibling relationships to the extent that it is in the best interest of the children. OAR 413-110-0100; OAR 413-110-0120. When a caseworker believes that separation of the siblings should be considered, a permanency committee meets to determine if such a separation is in the best interest of the children. OAR 413-010-0130. Interested parties may present information to the committee about a child. OAR 413-110-0130(3)(c). The considerations include the child's attachment to siblings, the child's medical condition, the child's psychological status and treatment needs, any therapist recommendations, and the child's behavior. OAR 413-110-0130(3)(a). Also relevant is whether any family is available to adopt all of the siblings. *Id.* As the child's advocate, the CASA may participate in the process by presenting evidence to the permanency committee about the child. OAR 413-110-0130(3)(c). However, it is clear from the rules that the permanency committee's focus is on the children. It determines only whether or not it is in their best interest to be placed together. Although the availability of adoptive families is relevant, the details about potential

adoptive families does not enter into the committee's decision under the above rules. Thus, we conclude that discovery of the information in the home studies is not necessary for the CASA's duties to be fulfilled before the permanency committee.

As stated above, *Williams* and *Mitchell* mandate that the CASA's need for the home study be balanced against a prospective adoptive family's interest in privacy. Because no home studies had been chosen for submission to the adoption committee in this case and because the CASA did not need those studies in order to advocate for the children before the permanency committee, the trial court abused its discretion in ordering discovery of the studies when it did.

Reversed and remanded.