543

Argued and submitted January 29, reversed in part; otherwise affirmed
May 15, 2003

In the Matter of
Austin Craig Guldager,
a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Appellant,*

*v.*

Austin Craig GULDAGER,
Gordon Guldager, Patricia White, and Leroy Dunn,
*Respondents.*

99-07-08J; A117748 (Control)

In the Matter of
Tasha Sabrina Guldager,
a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Appellant,*

*v.*

Tasha Sabrina GULDAGER,
Gordon Guldager, Patricia White, and Leroy Dunn,
*Respondents.*

01-01-37J; A117749
(Cases Consolidated)

69 P3d 764

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

■■ The Department of Human Services (DHS) appeals from a Clackamas County juvenile court order[1] requiring DHS to provide the children's court appointed special advocate (CASA) with copies of home studies of two families that were considered by an adoption committee. We review for an abuse of discretion, *State ex rel SOSCF v. Morgan*, 183 Or App 140, 142, 51 P3d 637 (2002), and reverse in part and affirm in part.

This case involves two children who are not presently eligible for adoption because not all of the parental rights of their parents have been terminated. However, DHS plans for adoption of the children, and it filed petitions to terminate parental rights to the children in August 2001. Home studies were conducted of two prospective adoptive families and, in November 2001, the adoption committee met and the families who are the subjects of the studies were submitted for consideration by the committee. At that time, the adoption committee selected one of the families as the putative adoptive family for the children. Thereafter, in January 2002, the court appointed a CASA on behalf of the children. The CASA asked the court to order production of the home studies, and the court granted the motion in February 2002. DHS appeals from the grant of the motion, arguing, in part, that the juvenile court abused its discretion in ordering production because it "failed to consider the specific facts presented to it, and ordered the production of intensely personal information about two families, one of whom is no longer under consideration as an adoptive resource."

---

[1] We note that, although a judgment terminating parental rights had not been entered at the time, the juvenile court's order requiring production of the home studies was appealable. Under ORS 419A.200, a party whose rights or duties are adversely affected by a judgment of a juvenile court may appeal. The order resolved a particular issue before the court and was, therefore, final. *See State ex rel Juv. Dept. v. W.*, 34 Or App 437, 440-41, 578 P2d 824 (1978). Further, in cases before the juvenile court, "*final orders* * * * are appealable notwithstanding that they are orders rather than judgments." *State ex rel Juv. Dept. v. Tyree*, 177 Or App 187, 192 n 4, 33 P3d 729 (2001) (emphasis in original). Because DHS is adversely affected by the court's final order, it may appeal. *See State ex rel SOSCF v. Williams*, 168 Or App 538, 543, 7 P3d 655 (2000), *rev dismissed*, 333 Or 596 (2002).

■ This court's decisions in *State ex rel SOSCF v. Williams*, 168 Or App 538, 550-51, 7 P3d 655 (2000), *rev dismissed*, 333 Or 596 (2002), and *State ex rel SOSCF v. Mitchell*, 182 Or App 402, 414, 49 P3d 838, *rev den*, 335 Or 42 (2002), which was decided after the trial court ruled, mandate that the CASA's need for the information contained in the home studies be balanced against the privacy interests of the subjects of the home study. Thus, the CASA is entitled only to those home studies that are necessary for the CASA to carry out his or her statutorily mandated duties.

ORS 419A.170(2) sets forth the CASA's duties:

"Subject to the direction of the court, the duties of the court appointed special advocate shall be to:

"(a) Investigate all relevant information about the case;

"(b) Advocate for the child, ensuring that all relevant facts are brought before the court;

"(c) Facilitate and negotiate to ensure that the court, the Department of Human Services, if applicable, and the child's attorney, if any, fulfill their obligations to the child in a timely fashion; and

"(d) Monitor all court orders to ensure compliance and to bring to the court's attention any change in circumstances that may require a modification of the court's order."

In this case, the CASA was appointed and home studies were requested after the adoption committee met and the time limit for requesting administrative review of the committee's decision had expired.[2] Thus, the CASA had no

---

[2] OAR 413-120-0060 (2002) provides, in part:

"(3) **Scope of Review.** The scope of the review when requested by someone other than the administrator is limited to the selection process and the decisions made by the adoption committee.

"(4) Who may request a review under this rule:
"* * * * *

"(d) The Court Appointed Special Advocate (CASA) for the child[.]
"* * * * *

"(8) **Time Lines.** A child's caseworker or person eligible under (4)(a) through (f) of this rule who wishes to request a review of an adoption

opportunity to appear before the adoption committee regarding which of the prospective adoptive families the child should be placed with. Under our holding in *Mitchell*, whether a CASA "needs to know" the information contained in a home study at a particular point in a juvenile proceeding turns on the nature of the CASA's role.

Under ORS 419A.170(1), a CASA is appointed in all proceedings before the juvenile court involving an abused or neglected child. The statute does not expressly provide for the duration of the CASA's role in the juvenile court process. However, the statute provides that a CASA is a party in the proceedings before the juvenile court. That grant of authority to CASAs seems to indicate that a CASA continues to be involved in a case as long as that case is pending before the juvenile court. Our observation is supported by the legislative history underlying ORS 419A.170. The purpose of appointing a CASA in any case is to "make the legal system and the child care and welfare system work for the child," Tape Recording, House Committee on Judiciary Subcommittee 3, HB 2543, Feb 19, 1987, Tape 146 (statement of Hon Stephen B. Herrell), and to "protect dependent children's rights to safety and permanence." Testimony, House Committee on Judiciary, Subcommittee 3, HB 2543, Feb 19, 1987, Ex E (statement of Jamie S. Tillman). We believe that purpose is best carried out by the CASA's continued involvement so long as the juvenile court continues to exercise jurisdiction. Thus, "CASAs finish their appointments when the cases are [no longer within] the jurisdiction of the juvenile court." *Id.*

■ Under ORS 419B.328(2), the jurisdiction of the juvenile court continues until:

"(a) The court dismisses the petition concerning the child;

---

committee's decision must submit the request to the Adoption Services Unit Manager or designee. In order for the request to be considered, the Adoption Services Unit Manager or designee must receive the request within 7 calendar days after the decision of an adoption committee. In calculating this time period, the first day of the 7 days is the day after the date of the committee."

(Boldface in original.)

"(b)   The court transfers jurisdiction over the child as provided in ORS 419B.127, 419B.130 and 419B.132;

"(c)   The court enters an order terminating the wardship;

"(d)   A decree of adoption of the child is entered by a court of competent jurisdiction; or

"(e)   The child becomes 21 years of age."

We conclude, when the above statutes are read together, that the legislature intended that, until one of the events listed in ORS 419B.328(2) occurs, the CASA continues as a party in the case.

■       In *Mitchell*, this court analyzed the juvenile court's authority to direct and review the placement of children for adoption by DHS:

"The statutory scheme charges the agency with the administration of the various statutory powers granted to it, and the court functions only in a review capacity over the decisions made by the agency. *See, e.g.*, ORS 419B.337; ORS 419B.349. * * * [T]he statutes indicate that the court's authority is limited to reviewing the adoptive placement [made by DHS] for 'suitability' in the same way it reviews the agency's other decisions regarding children in its custody."

182 Or App at 417-18.[3] Under ORS 419A.170, the CASA is a party to the court's review of the agency's adoptive placement and has a continuing duty to "investigate all relevant information" and "advocate for the child, ensuring that all relevant facts are brought before the court[.]" The home study of the family selected to adopt the child is certainly relevant to a determination of whether that family is "suitable." Further, the information is necessary for the CASA to fulfill the role of advocate for the child in that proceeding. *See Williams*, 168 Or App at 550-51; *Mitchell*, 182 Or App at 419. Thus, the juvenile court did not abuse its discretion when it ordered

[3] In coming to that conclusion, we considered a number of statutes: ORS 109.309, ORS 109.350, ORS 419B.192, ORS 419B.337, ORS 419B.349, ORS 419B.449, ORS 419B.476, and ORS 419B.529. *Mitchell*, 182 Or App at 415-18.

DHS to produce the home study of the family selected by the adoption committee.

■ In contrast, we find no statute that entitles a CASA to the home study of a family not selected by the adoption committee at this stage of the proceeding. Because such a family is not being considered for adoption of the child, the information contained in the home study is not "relevant" to the CASA's role. Although the juvenile court may review the suitability of the family chosen by the adoption committee,

> "the statute does not require the court to determine that [DHS] has recruited, identified, or selected the 'most suitable' placement. Nothing on the face of the statute charges the court with the task of making a *comparative judgment* among 'suitable' adoptive homes."

*Mitchell*, 182 Or App at 416 (emphasis in original). It is clear under that reasoning that, although the CASA might believe that a family not selected by the committee is more suitable than the one actually chosen, that issue is not before the court when it reviews the adoption committee's decision. Thus, the home studies of those families not selected to adopt the children are not necessary for the CASA to fulfill his or her statutory role at that stage of the process. For that reason, we conclude that the juvenile court abused its discretion in ordering production of the home study of the family not chosen as the adoptive family for the children.

Reversed as to family no longer being considered for adoption; otherwise affirmed.