Submitted June 16, affirmed as modified November 24, 1965

# PARKER *v.* STATE INDUSTRIAL
# ACCIDENT COMMISSION
408 P. 2d 94

Robert Y. Thornton, Attorney General, Quintin B. Estell, Assistant Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem, for appellant.

No appearance for respondent.

McALLISTER, C. J.

The plaintiff was an injured workman whose claim for compensation was rejected by the defendant, State Industrial Accident Commission. Plaintiff appealed to the circuit court for Tillamook county, where the

court, after both parties had moved for a directed verdict, dismissed the jury and found for the plaintiff and ordered defendant to pay plaintiff compensation for permanent total disability and related benefits. Defendant appeals only from that portion of the judgment which allowed plaintiff an attorney's fee of $1,500.

The defendant concedes that the allowance of an attorney's fee was authorized by ORS 656.588(1), but contends that the fee allowed was excessive. Defendant argues that the court should not have allowed a fee in excess of the maximum fee of $750 suggested in the Oregon State Bar fee schedule for workmen's compensation cases. Defendant also contends that the court erred in allowing a fee in excess of the amount alleged as reasonable in plaintiff's complaint.

Until 1951 a workman whose claim under the Workmen's Compensation Law was rejected, and who appealed to the courts to establish his right to compensation, was required to pay the fee of his attorney out of his own pocket. In 1951 legislation[1] was enacted providing that in all cases where an injured workman prevailed in an appeal to the circuit court from a commission order rejecting his original claim, the commission should allow a reasonable fee to the claimant's attorney, to be paid from the Industrial Accident Fund as an administrative expense. In 1957 the act was amended[2] to provide that in "reject" cases successfully appealed to the circuit court the attorney's fee should be allowed by the court. The 1957 act, now codified as ORS 656.588, is the statute under which an attorney's fee was allowed in this case.

---

[1] Chapter 330, Oregon Laws 1951.

[2] Chapter 558, Oregon Laws 1957.

■ We think that the schedule of fees recommended for workmen's compensation cases by the Oregon State Bar, which was first adopted in 1936,[9] was meant to apply only to those cases where the fee is paid by the workman, and not to fees allowed under ORS 656.588, which was not enacted until 1951. The bar fee schedule is, of course, advisory only and not binding on the courts. *Cox v. State Ind. Acc. Comm.*, 168 Or 508, 522, 121 P2d 919, 123 P2d 800 (1942), 159 ALR 899. In any event, for the reasons hereinafter stated, we are not authorized to re-examine the reasonableness of the attorney's fee allowed by the trial court.

We think our holding in *State High. Com. et al v. Kendrick et al*, 227 Or 608, 363 P2d 1078 (1961), is controlling here. That was a condemnation proceeding by the State Highway Commission, in which we held (1) that a condemnation proceeding in Oregon is treated as an action at law, (2) that the amount of the attorney's fee in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact, (3) that in an action at law tried by the court without a jury, the findings of the court have the same effect as a jury verdict, and (4) that such findings may be set aside on appeal only if they are not supported by any substantial evidence.

■■ Our statutes make it clear that an appeal to the circuit court from an order of the Industrial Accident Commission is to be treated as an action at law. Under ORS 656.288 the appeal is perfected by filing in the circuit court a complaint "as provided in civil actions at law," and either party may demand a jury trial upon any question of fact. This court has con-

---

[9] 16 Ore L Rev (Supp 1936, at 58-59).

sistently applied to workmen's compensation cases the general rule that in an action at law tried by the court without a jury the findings of the court can be set aside only if they are not supported by any substantial evidence. *Brazeale v. State Ind. Acc. Comm.*, 190 Or 565, 573, 227 P2d 804 (1951); *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 44, 185 P2d 891 (1947). We hold, therefore, that we have no right to try *de novo* the reasonableness of the attorney's fee allowed by the circuit court. Since the defendant stipulated that the fee could be fixed by the trial court without the introduction of any evidence, it does not contend that there is no substantial evidence to support the verdict.

■ We think the trial court erred, however, in allowing a larger fee than the amount alleged by plaintiff to be reasonable. The complaint alleged that plaintiff should be awarded "reasonable attorney fees in the sum of $1,000, or such greater amount as may be reasonable and just under all the circumstances of the case." We think the plaintiff by his pleading set the limit of the fee which could be awarded at $1,000. ORS 16.210 requires the complaint where the recovery of money is demanded to state the amount thereof. *Newport Construction Co. v. Porter,* 118 Or 127, 132, 246 P 211 (1926). We know of no authority in a law action for an open-end allegation of the amount demanded, such as plaintiff attempted in this case. His attempt to leave the amount open for later determination without limit must be treated as surplusage. Plaintiff did not ask leave to amend his complaint.

■ We adhere to the rule that in the absence of a stipulation authorizing the court to fix the attorney's fee without hearing evidence on that issue, the amount

of attorney's fee to be allowed in the trial court in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence, in the same manner as any other question of fact. *State High. Com. v. Kendrick,* supra; *State v. Ganong,* 93 Or 440, 457, 184 P 233 (1919). The attorney's fee allowed by the trial court is reduced to $1,000, and as so modified the judgment is affirmed.