Submitted on briefs May 2, affirmed June 12, 1975

HIESTAND, *Appellant, v.* WOLFARD, *Respondent.*

536 P2d 520

Roger A. Nelson, Portland, submitted a brief for appellant.

John R. Brooke, Portland, submitted a brief for respondent.

McALLISTER, J.

Plaintiff filed this action to recover a real estate commission allegedly due under an Acreage and Farm Listing Agreement signed by the defendant Wolfard as the seller. Plaintiff also prayed for the allowance of $1,535 as a reasonable attorney's fee to be paid by the seller under the following provision of the agreement:

"* * * In case of a suit or action on the contract I hereby agree to pay such additional sums as the court adjudge[s] reasonable as Plaintiff's attorney fees."

The case was tried without a jury and the court, in a letter opinion, decided for the defendant. Plaintiff appeals only on the issue of attorney's fees.

During the trial neither party offered any evidence on the issue of reasonable attorneys' fees and did not stipulate that the court could allow an attorney's fee without hearing any evidence on that issue.

After receiving the letter opinion the defendant submitted to the court a judgment, a cost bill and a motion for the allowance of reasonable attorney's fees, relying on ORS 20.096(1).[1]

[1] "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one

The court set the motion for hearing, at which time defendant offered evidence to prove what amount would be reasonable to allow him as an attorney's fee. At the hearing the plaintiff objected to the taking of testimony concerning an attorney's fee on the sole ground that the defendant should have introduced such evidence during the trial on the merits before he rested his case. After the hearing the court entered judgment in favor of defendant and further awarded defendant his costs and disbursements and the sum of $1,120 as a reasonable attorney's fee.

Plaintiff's sole assignment of error alleges that the court erred in allowing defendant to introduce evidence relating to a reasonable attorney's fee at a hearing held on defendant's motion filed after defendant had rested his case and the court had rendered a written opinion.

We think the court did not err in hearing defendant's evidence on the issue of attorney's fees. We quote from *Lee v. Brown,* 264 Or 341, 347, 505 P2d 924 (1973):

> "This court has consistently held that the manner of conducting the trial of a cause must be left to the discretion of the trial judge, assuming that this discretion is not arbitrarily exercised. *Thomas v. Foglio,* 231 Or 187, 191, 371 P2d 693 (1962)."

See, also, *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 649, 316 P2d 302 (1957) and cases therein cited.

ORS 17.215 provides that "[t]he order of proof shall be regulated by the sound discretion of the court." In accord with that statute this court has frequently held that the discretion of the trial judge in regulating

of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

the order of proof will not be disturbed except for an abuse of discretion. *Rich v. Tite-Knot Pine Mill,* 245 Or 185, 198, 421 P2d 370 (1966); *Parmentier v. Ransom,* 179 Or 17, 21, 169 P2d 883 (1946); *Wemett v. Mount,* 134 Or 305, 313, 292 P 93 (1930).

If defendant's motion for the allowance of an attorney's fee is considered as a motion to reopen the case the court did not abuse its discretion in allowing the motion. A motion to reopen is within the sound discretion of the trial court. *State v. Cole,* 252 Or 146, 159, 448 P2d 523 (1968); *Arbogast et al v. Pilot Rock Lbr. Co.,* 215 Or 579, 595, 336 P2d 329, 72 ALR2d 712 (1959); *Hilgedorf v. Bertschinger,* 132 Or 641, 647, 285 P 819 (1930).

The trial judge explained his preference for hearing the evidence concerning attorneys' fees after he had decided who the prevailing party would be. In ruling on plaintiff's objection, the trial judge said:

"THE COURT: If he [defendant] had tried to put on attorney fee evidence, I would have stopped him because I would have said that is preliminary to the ruling and until the defendant prevails—why listen to superfluous matter because if the plaintiff prevailed we would have no purpose of this."

Plaintiff cites *Parker v. S.I.A.C.,* 242 Or 78, 83, 408 P2d 94 (1965), which held that the amount of attorney's fee is to be determined "upon pleading and evidence, in the same manner as any other question of fact." That rule is applicable to this case in which the trial court did hear evidence, but is subject to the right of the trial court to regulate the order of proof and in his discretion to reopen the case to hear additional evidence. Plaintiff did not object to the failure of the defendant to include in his answer a demand for attorney fees under ORS 20.096(1) if he became the prevailing party.

The judgment is affirmed.