Argued and submitted October 17, 1980,
affirmed as modified January 26,
reconsideration denied February 19,
petition for review allowed March 31, 1981 (290 Or 727)

In the Matter of the Marriage of

HAGUEWOOD,
*Respondent - Cross-Appellant,*
*and*
HAGUEWOOD,
*Appellant - Cross-Respondent.*

(No. 6247, CA 17025)

622 P2d 1130

Michael R. Jordan, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Jordan & Jordan, Portland.

William E. Hurley, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Bernard, Hurley, Crawford, Hodges & Kneeland, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE*

---

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J.  PRO TEMPORE

The wife appeals from the decree dissolving the parties' marriage, assigning as error the trial court's award of spousal support in lieu of an equal division of property. She also claims the court erred in its valuation of the family business. The parties were married for 24 years. Their children are grown and emancipated. The principal marital asset is the family business, a wheat farming operation purchased during the marriage, in 1963, from the husband's mother for $127,000. The tillable acreage was doubled in 1977 through the purchase of adjoining land for $225,000.

In June 1977 the family business was incorporated. The corporation was capitalized at $500,000, $500 per share for the 1,000 shares of stock issued. At the time of trial the wife owned 81 shares, each of the four children owned 10 shares, and the husband owned the remaining 879. The wife did not participate in the determination of how the stock was to be allocated; there was testimony that the allocation was based on tax considerations.

The trial court awarded the wife real and personal property valued at $100,000. The husband was ordered to have the corporation redeem the wife's 81 shares at $500 per share for a total of $40,500. The husband was awarded $50,000 in cash and investments plus 960 shares in the family corporation valued by the trial court at $480,000. He was also ordered to pay his wife permanent spousal support in the amount of $1,000 per month.

First, we find no error in valuing the family corporation at $500 per share. The corporation's tax returns for the two fiscal years preceding the dissolution show a shareholders' equity in the amount of $500,000. The returns were prepared by a certified public accountant. No testimony was elicited at trial to impeach either the figure or the source. On appeal the wife claims the net worth of the corporation is $531,000.[1] Her principal source for this figure is a balance sheet submitted by the husband to a bank for the purpose of obtaining credit. The document purports

---

[1] In her brief, wife claims the net worth of the corporation is $571,000. This figure is the result of an arithmetic error.

to be only a "reasonably accurate" statement of the corporation's financial condition. We find no reason to credit this statement over the tax returns.

The end result of the property division is that the husband receives property worth $530,000, whereas the wife's share is $140,500. In marriages of substantial duration we have attempted to see that the parties separate on as equal a basis as possible. *Lake and Lake,* 22 Or App 195, 538 P2d 97 (1975). The record would support such a result here,[2] and we believe the trial court sought to achieve that objective by awarding permanent spousal support.[3] We have approved this use of spousal support under similar circumstances. In *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, *modified* 29 Or App 287, 563 P2d 738 (1977), the husband was awarded the family business and the wife received permanent spousal support. We said:

"* * * [T]he award of spousal support was an appropriate method to achieve substantial parity between the parties. The spousal support provides the wife an assured income and if appraised as an annuity, would have substantial value." 28 Or App at 929.

■ The problem with this approach is that spousal support *does not* afford the recipient an assured income. "Generally, an obligation to pay alimony is a personal debt which does not survive the debtor, unless there is a statutory or contractual basis for extending the obligation to the debtor's estate." *State ex rel Carrier v. Carrier,* 40 Or App 407, 410, 595 P2d 827 (1979); *see also Prime v. Prime,* 172 Or 34, 139 P 2d 550 (1943). The court also has the power to set aside, alter or modify so much of the decree as may provide for support of a party. ORS 107.135(1)(c). The decree in the present case specifically awards the wife a judgment for spousal support until either party's death or until the court orders otherwise. Should the husband meet

---

[2] ORS 107.105(1)(e) states "* * * [t]here is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage." The record contains no evidence to indicate otherwise.

[3] The trial court awarded an unequal division of property together with an award of permanent spousal support for two reasons:

"(1) to avoid decimating the family corporation which is the security ultimately for both husband and wife, and (2) to provide long term security to the wife as well as other assets to provide her with sufficient liquidity in the more immediate future."

an untimely death or successfully seek a modification of the decree, the judgment for support will no longer serve as a means for achieving substantial parity for the imbalanced distribution of property.

Marital assets are not always capable of being easily divided. Sometimes it is in the parties' best interests to award possession of the property to one party and some form of compensation to the other. The compensation, however, must recognize the relinquishing party's rights for what they are—property rights. Spousal support, if it can be modified or terminated, does not adequately recognize those rights. For this reason, we modify the decree to award the wife a judgment in the amount of $195,000. We direct the wife to transfer her 81 shares forthwith to the husband for which the wife shall receive an additional judgment in the amount of $40,500. The entire judgment of $235,500 shall be paid in annual installments of $12,000 plus interest at the rate of 9 percent per annum on all deferred balances from the date of entry of the modified decree herein. The first installment shall be due and payable on the date of entry of the modified decree. Subsequent installments shall be due and payable each year on the first day of December commencing on December 1, 1981. The wife shall retain ownership of the real and personal property awarded to her by the trial court.

In view of the property settlement, the wife shall not receive spousal support. *Price and Price,* 43 Or App 1029, 607 P2d 756 (1979).

Husband has cross-appealed, alleging the court erred in ordering him to pay $7,026 in attorneys' fees on behalf of his wife. During the trial the wife offered no evidence regarding attorneys' fees. She later moved to reopen the case to present further evidence, however, and that motion was granted. A motion to reopen is within the sound discretion of the trial court. *Hiestand v. Wolfard,* 272 Or 222, 536 P2d 520 (1975). We find no abuse of discretion here, but the husband should not be required to pay attorneys' fees relating to travel time between Portland and Pendleton for the second hearing. We therefore reduce the award of attorneys' fees to $6,600.

Affirmed as modified.