On appellant's motion to determine appellate court jurisdiction filed August 16, 1989,
motion allowed and jurisdiction upheld May 23, 1990

ROGERS,
*Respondent,*

*v.*

KASCH'S GARDEN CENTERS
AND NURSERIES, INC.,
*Appellant.*

(69-194; CA A61527)

792 P2d 439

Fredric E. Cann, and Bolliger, Hampton & Tarlow, Port-
land, for motion. Timothy R. Volpert, and Ragen, Tremaine,
Kreiger, Schmeer & Neill, Portland, appeared *contra.*

566

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

## JOSEPH, C. J.

Appellant has moved for a determination of whether the court has jurisdiction of this appeal from a judgment of restitution of premises under ORS ch 105. ORS 19.034(3). ORS 105.155(4) provides that, "[u]nless the judgment otherwise provides, an execution of the judgment shall not issue more than 60 days after the judgment is entered." Respondent did not cause execution to issue within 60 days after entry of the judgment. After the 60 days had run, the trial judge attempted to allow late issuance of execution.

■ Respondent argues that we should read into ORS 105.155(4) a provision to the effect that the 60-day execution period is tolled by the filing of a notice of appeal, the filing of a supersedeas undertaking or the filing of a timely motion to set the amount of a supersedeas undertaking. We need not decide whether filing a supersedeas undertaking would have tolled the running of the period by operation of law, because no undertaking was filed. There was only a motion to set the amount of an undertaking. There is no authority either in law or in reason that the mere filing of a notice of appeal or a motion to establish the amount of an undertaking on appeal tolls the execution period.

■ Respondent also argues that, because appellant filed a motion in the trial court asking it to "limit" the amount of the supersedeas undertaking that appellant would otherwise have to file, the trial court had authority under ORS 19.045(2) to extend the time within which respondent could execute on the judgment.[1] Respondent relies on the authority of the trial court to establish "just and equitable" terms as authority for the proposition that the trial court could extend the time within which respondent could execute. Apart from whether ORS 19.045(2) confers authority that arguably conflicts with the more explicit provisions of ORS 105.155(4), the trial judge did not even purport to extend the time for execution on the judgment until after the 60-day execution period had run.

■ This court has jurisdiction, because a timely notice of

---

[1] ORS 19.045(2) provides:

"The trial court may waive, reduce or limit the undertaking provided for in ORS 19.040 upon a showing of good cause, including indigency, and on such terms as shall be just and equitable."

appeal was filed from a judgment that was final and enforceable when the notice of appeal was filed. Even so, the appeal is effectively moot. The passing of the 60-day period provided in ORS 105.155(4) after the notice of appeal was filed rendered the judgment non-enforceable. There is nothing for this court to decide that can assist the parties to resolve their dispute, which has ended with a non-enforceable judgment. Either affirming or reversing that judgment will mean nothing. Still, this court has jurisdiction and retains it until the case is decided or is dismissed on procedural grounds or appellant moves to dismiss the appeal.

Motion to determine jurisdiction allowed; jurisdiction upheld.