Submitted on record and briefs April 6, remanded with instructions June 6, 2001

# EMC MORTGAGE CORPORATION,
*Appellant,*

*v.*

# Drew A. DAVIS, Sr.,
*Respondent.*

## FED99-12-152; A108992

26 P3d 185

Robert C. Dougherty filed the briefs for appellant.

Drew A. Davis, Sr., filed the brief *pro se*.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

■ In this action for forcible entry and detainer (FED), the trial court awarded plaintiff a judgment for restitution of the premises. However, the court denied plaintiff's request that the judgment provide that a notice of restitution or writ of execution could be issued more than 60 days after entry of the judgment, as permitted by ORS 105.154(9).[1] Defendant appealed from the judgment of restitution, and plaintiff cross-appealed from the trial court's refusal to provide an extended enforcement period for the judgment. Defendant failed to file and serve an opening brief on appeal, and we dismissed his appeal. Therefore, only plaintiff's cross-appeal remains for our consideration. Because the statute that governed the trial court's decision accorded the court discretion, we review that decision for abuse of discretion. *Hiestand v. Wolfard*, 272 Or 222, 224-25, 536 P2d 520 (1975). We remand.

The relevant facts are undisputed. Defendant owned the real property at issue in this case until 1998, when Norwest Mortgage, Inc., (Norwest) acquired the property in a nonjudicial trust deed foreclosure sale. When defendant failed to vacate the property, Norwest filed an FED action against him. Norwest prevailed in the action and, in June 1999, the trial court entered a restitution judgment in its favor. Defendant then filed a bankruptcy petition. After Norwest obtained relief from the automatic stay effect of the bankruptcy proceeding, defendant filed another bankruptcy petition. As a result of the delay caused by defendant's efforts, the judgment became unenforceable under ORS 105.154(9), because the trial court had not provided that a writ of execution could issue beyond 60 days after its entry. Norwest then filed a second FED action. Before that action was tried, Norwest conveyed the property to plaintiff. At trial, the court dismissed the second FED action, because

---

[1] ORS 105.154(9) provides:

"Unless the judgment otherwise provides, the clerk shall not issue a notice of restitution or a writ of execution of judgment of restitution more than 60 days after the judgment is entered or after any date for possession as specified in the judgment, whichever is later."

Norwest no longer owned the property. In December 1999, plaintiff filed this action to evict defendant from the property.

At trial, defendant acknowledged that he had filed the two bankruptcy proceedings between the first and second FED actions in order to delay the foreclosure and his eventual eviction from the premises. He also admitted that both bankruptcy proceedings had been dismissed. Defendant asserted, but did not coherently develop, a "fraud" theory of defense at trial. The trial court rejected the defense and announced that it would enter a restitution judgment in plaintiff's favor.

Counsel for plaintiff asked the trial court, in light of defendant's evident delaying tactics, to provide expressly in the judgment that a notice of restitution and a writ of execution could issue more than 60 days after entry of the judgment. The trial court denied the request, stating, "Well, no, I'm not going to make any special concessions on behalf of the plaintiff in this case under the circumstances." The court did not explain what circumstances it regarded as justifying its denial of plaintiff's request. Defendant told the court that he intended to appeal the judgment and to post an undertaking for the appeal. As he had indicated, defendant appealed from the judgment and posted a supersedeas bond to prevent enforcement of the judgment pending appeal. Plaintiff cross-appealed from the court's denial of its request for an extended period within which to enforce the judgment. As noted, only plaintiff's cross-appeal remains for our consideration.

Plaintiff argues that, unless and until an FED trial court extends the execution period on a restitution judgment, defendant can delay his eviction endlessly through serial bankruptcies and appeals. Defendant responds that the trial court properly exercised its discretion to deny plaintiff's request for an extended period to enforce the judgment and, in any event, that the cross-appeal is now moot because the judgment may no longer be enforced. Defendant is mistaken on both counts.

ORS 105.154(9) does not specify any particular circumstances under which a court either must or cannot

extend the execution period for an FED judgment. It simply provides that execution may not issue more than 60 days after entry of judgment unless the judgment otherwise provides. Defendant is correct that, as phrased, the court's decision calls for an exercise of discretion. "Discretion" generally refers to the authority of the trial court to choose among several legally correct outcomes. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). Although we review the trial court's decision for abuse of discretion, a court can "abuse" its discretion in different ways, depending on the circumstances; thus, the term has no hard and fast meaning. *Liberty Northwest Ins. Corp. v. Jacobson*, 164 Or App 37, 45-46, 988 P2d 442 (1999). A familiar but nonexclusive test for determining whether discretion has been abused is whether the decision reached was "clearly against reason and evidence." *Id.*

■■ A court abuses its discretion, for example, when the relevant evidence is undisputed and does not rationally support the decision the court made. *See Lambert v. American Dream Homes Corp.*, 148 Or App 371, 377, 939 P2d 661 (1997) (holding that, where the relevant facts were undisputed, the only question for review was whether there was any evidence or reason to support a dismissal for want of prosecution). That is the case here. At trial, defendant admitted that he had devised and executed a strategy to delay his eviction. That strategy had been carried out successfully in prior proceedings. In view of defendant's stated intent to appeal the judgment in this case—and to post an undertaking that undoubtedly would prevent enforcement of the judgment for more than 60 days—his strategy was destined to succeed again in this case unless the court extended the period for enforcement. Under the circumstances, the judgment of restitution offered plaintiff a hollow victory.

In that respect, this case presents a virtual mirror-image of the facts in *State v. Hewitt*, 162 Or App 47, 985 P2d 884 (1999). In *Hewitt*, we held that where the state requests a postponement so that it may seek review of a ruling on a significant unsettled issue of law, in the absence of a showing by the defendant of substantial prejudice, a trial court abuses its discretion if it dismisses a charge with prejudice rather than permit the state an opportunity to seek appellate

review. *Id*. at 54-55. Here, rather than depriving a party of a meaningful opportunity to seek appellate review, the trial court's decision essentially guaranteed that defendant's appeal would be successful in undercutting the very judgment that the court had entered. The trial court articulated no reason, based on any particular circumstances of the case, for denying plaintiff's request. Nor can we discern one. Defendant did not contend that extension of the judgment enforcement period would have caused any prejudice beyond terminating his ability to forestall eviction. Under the circumstances, the court's decision was not supported by reason or the undisputed evidence. Therefore, the court abused its discretion in refusing to permit enforcement of the judgment more than 60 days after its entry.

■ Contrary to defendant's alternative argument, plaintiff's appeal is not moot by virtue of the expiration of the 60-day period provided in ORS 105.154(9). It is true that in *Rogers v. Kasch's Garden Centers and Nurseries*, 101 Or App 565, 568, 792 P2d 439 (1990), we held that an appeal from a restitution judgment was moot, because "[t]he passing of the 60-day period provided in [ORS 105.154(9)] after the notice of appeal was filed rendered the judgment nonenforceable." However, in *Rogers*, the plaintiff failed to seek execution of the judgment within 60 days. Instead, the plaintiff sought, and the trial court attempted to permit, issuance of execution after the 60 days had run. We held that there was no authority for the revival of the judgment after it became unenforceable. *Id*.

Here, on the other hand, the passage of the 60-day period does not render plaintiff's appeal moot. Plaintiff timely objected to the trial court's refusal to permit extended enforcement of the judgment. Our remand of the trial court's decision will, on remand, result in the judgment remaining enforceable *despite* the passage of the 60-day period. Because a decision on the merits will have a practical effect on the parties' rights, plaintiff's appeal is not moot. *See McGinley and McGinley*, 172 Or App 717, 720, 19 P3d 954 (2001) (holding that this court's power to correct an error prevented appeal from becoming moot because of the fulfillment of the judgment obligation appealed from).

Remanded with instructions to enter modified judgment providing that clerk may issue notice of restitution or writ of execution of judgment of restitution more than 60 days after judgment is entered.