Argued and submitted August 21, affirmed September 26, 2012

## PINE RIDGE PARK,
*Plaintiff-Respondent,*

*v.*

## Dorothy FUGERE
and all others,
*Defendant-Appellant.*

### Washington County Circuit Court
C093207EV; A149364

287 P3d 1268

Harry D. Ainsworth filed the brief for appellant.

Mark G. Passannate argued the cause and filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Hadlock, Judge.

BREWER, J.

**BREWER, J.**

Defendant appeals from the denial of her motion to quash a notice of restitution in this forcible entry and detainer (FED) action. This case poses the issue whether the filing of a supersedeas undertaking on appeal pursuant to ORS 19.335(2) tolls the 60-day limit on issuance of process to enforce a judgment for restitution of premises under ORS 105.159(3). We affirm.

Defendant was a tenant in a manufactured home park owned by plaintiff. Plaintiff sent defendant a notice to vacate the premises, and, after a trial, the court entered a judgment of restitution of the premises in favor of plaintiff on November 3, 2009. The judgment granted plaintiff restitution of the premises, "effective immediately." However, there was no specific provision in the judgment that extended the 60-day time limit in which the court clerk could issue a notice of restitution or a writ of execution as provided by ORS 105.159(3). Defendant appealed, and she filed a supersedeas undertaking pursuant to ORS 19.335(2). This court affirmed without opinion, and the ensuing appellate judgment was entered on August 4, 2011.

On August 9, 2011, the trial court clerk issued a notice of restitution of the premises at plaintiff's request. *See* ORS 105.151 (describing process, including issuance of notice of restitution, for enforcement of a judgment of restitution). On August 12, defendant filed a motion to quash the notice of restitution. On August 26, the court denied the motion to quash. On September 2, the clerk issued a writ of execution.[1] Defendant appeals from the order denying her motion to quash.

As noted, this case involves the interplay between two statutes. ORS 105.159(3) provides:

"Unless the judgment otherwise provides, the clerk may not issue a notice of restitution or a writ of execution

_____

[1] On September 8, 2011, the Appellate Commissioner entered an order staying enforcement of the writ of execution and the judgment of restitution pending the resolution of this appeal.

of judgment of restitution more than 60 days after the judgment is entered or after any date for possession as specified in the judgment."

ORS 19.335(2), in turn, provides:

"If a judgment requires the transfer or delivery of possession of real property, a supersedeas undertaking acts to *stay the judgment* if the undertaking provides that the appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses the property, and the appellant will pay the value of the use and occupation of the property for the period of possession if the judgment is affirmed. The value of the use and occupation during the period of possession must be stated in the undertaking."

(Emphasis added.)

Defendant's argument is straightforward. She asserts that ORS 105.159(3) prohibited the court clerk "from issuing a notice of restitution or a writ of execution more than 60 days after the entry of judgment." Defendant reasons as follows: (1) the judgment of restitution in this case was entered on November 3, 2009, and it authorized restitution of the premises effective immediately; (2) defendant stayed execution of the judgment by filing a supersedeas undertaking pursuant to ORS 19.335(2); (3) the judgment did not extend the 60-day time limit for its enforcement; (4) defendant lost her appeal, and the ensuing appellate judgment was entered on August 4, 2011; and (5) the court clerk lacked authority to issue the notice of restitution and the writ of execution thereafter, because more than 60 days had expired since the entry of the judgment of restitution.

Defendant points out that, in *EMC Mortgage Corporation v. Davis*, 174 Or App 524, 26 P3d 185 (2001), we held that the trial court's denial of the plaintiffs' request to add a provision extending the time to enforce a judgment of restitution in an FED action constituted an abuse of discretion. We observed that,

"[i]n view of [the] defendant's stated intent to appeal the judgment in this case—and to post an undertaking that undoubtedly would prevent enforcement of the judgment

for more than 60 days—his strategy was destined to succeed again unless the court extended the period for enforcement."

*Id.* at 528. According to defendant, "[t]he entire ruling in *EMC Mortgage Corporation* is predicated upon the fact that the clerk's authorization will expire after 60 days absent express language in the judgment." It follows, defendant reasons, that the trial court erred in denying her motion to quash.

Plaintiff replies that, when, on November 13, 2009, defendant filed her qualifying supersedeas undertaking in her first appeal in this case, the judgment of restitution itself was stayed pursuant to ORS 19.335(2), and the unexpired portion of the 60-day enforcement period under ORS 105.159(3) was tolled until the appellate judgment that terminated that appeal was issued on August 4, 2011. According to plaintiff, because a writ of execution was issued within 60 days—excluding the period when the judgment of restitution was stayed on appeal—of the entry of the judgment of restitution, that judgment remained enforceable, and the trial court properly denied defendant's motion to quash.

To resolve the parties' dispute, we must construe ORS 105.159(3) and ORS 19.335(2), using our established methodology. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (when construing statutes, court first considers statutory text and context and, to extent useful to court's analysis, legislative history); *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998) (court also considers case law construing statute at issue at first level of analysis). The dispositive interpretive question is whether defendant's supersedeas undertaking "stayed the judgment" of restitution in this case such that the 60-day enforcement period was tolled during the period of the stay. As explained below, we answer that question affirmatively.

Before considering the effect, if any, that ORS 19.335(2), as so understood, has on ORS 105.159(3), we pause to reflect on the implications of defendant's proposed construction of the latter statute. Under defendant's construction, the two statutes are functionally disjoined.

Taken to its logical end, where a notice of appeal and supersedeas undertaking are filed, that construction would mean that the trial court clerk either has less than 60 days to issue process for enforcement of a judgment or, alternatively, that the supersedeas undertaking does not have the effect of staying the judgment. If a supersedeas undertaking had no effect on the court clerk's authority under ORS 105.159(3), then a landlord could simply ignore the undertaking and execute on the judgment, a result that would be irreconcilable with the plain meaning of ORS 19.335(2). That problem reveals a logical tension in defendant's proposed construction. If her understanding of the two statutes were correct, the filing of her undertaking had no effect on the statutory deadline for enforcing the judgment, although, for the unexpired portion of the 60-day enforcement period, the undertaking served to stay plaintiff's right to enforce the judgment. Viewed accordingly, the judgment ultimately would become meaningless unless, as a precaution, the trial court had provided for a lengthy or indefinite extension of the enforcement period in the judgment itself.

In short, if defendant were correct, all FED restitution judgments would have to be initially extended beyond the 60-day limit to forestall the possibility of their expiration in the event of an appeal. If the legislature had countenanced such a practical necessity, it is difficult to conceive why it would have provided for a 60-day enforcement limit as the norm, rather than the exception, with respect to FED judgments. We will not interpret a statute in a way that makes a portion of it meaningless unless no other construction is plausible. *1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 358, 703 P2d 207 (1985).

With that practical concern in mind, we turn to the striking point on appeal. As noted, ORS 105.159(3) prohibits the court clerk from issuing enforcement process "more than 60 days after the judgment is entered or after any date for possession as specified in the judgment." As defendant asserts, by its literal terms, that statute could operate independently from the provisions of ORS chapter 19, including ORS 19.335(2) and ORS 19.270(1), that govern the enforcement of judgments pending appeal.

However, we do not construe statutes in a vacuum. The provisions of ORS chapter 19 provide context for the interpretation of ORS 105.159(3) where an appeal has been filed, even though the latter statute does not expressly refer to them. That is so, because a judgment of restitution in an FED action is a judgment under ORS 18.005(8) that is, perforce, appealable under ORS 19.205(1).[2] *See Hart v. Hill*, 230 Or App 612, 216 P3d 909 (2009) (applying ORS 19.205(1) to an appealable order in an FED action).

ORS 19.270(1), which is part of the statutory context for our construction of ORS 19.335(2), provides, in part:

"The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed * * *. The trial court * * * retains jurisdiction in the matter for the following purposes:

"* * * * *

"(b) Enforcing the judgment, subject to any stay of the judgment."

Thus, although the trial court retained jurisdiction for the purpose of enforcing the judgment of restitution in this case, that authority was subject to the effect of the stay that resulted from the filing of the supersedeas undertaking pursuant to ORS 19.335(2) after defendant appealed. Although the term "stay" is not defined by statute, its meaning as a legal term of art is well understood.

"The office of a 'stay of proceedings' was early defined in this state as being tantamount to a writ of supersedeas, 'the effect of which is to suspend the enforcement of a judgment until it can be reviewed on appeal.' *State ex rel v. Small*, 49 Or 595, 598, 90 P 1110 [(1907)]; 40 *Words & Phrases* 116."

---

[2] ORS 19.205(1) provides:

"Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. A judgment corrected under ORCP 71 may be appealed only as provided in ORS 18.107 and 18.112."

ORS 18.005(8) provides:

"'Judgment' means the concluding decision of a court on one or more requests for relief in one or more actions, as reflected in a judgment document."

*Caveny v. Asheim*, 202 Or 195, 207, 274 P2d 281 (1954). Accordingly, ORS 19.335(2) proscribes the enforcement of a judgment that has been stayed by the filing of a qualifying supersedeas undertaking.

In order to give effect to the portion of ORS 19.335(2) that authorizes the issuance of a supersedeas undertaking to stay a judgment of restitution on appeal, ORS 105.159(3) must be construed in a way that gives effect to the stay. If defendant's interpretation of ORS 105.159(3) were correct, a judgment of restitution could be effectively stayed, yet expire by the passage of time despite the stay. That would make no sense whatsoever. *See Liles v. Damon Corp.*, 345 Or 420, 424, 198 P3d 926 (2008) (noting obligation of the courts "to give meaning to all parts of those statutes" in issue).

Fortunately, it is possible to harmonize the statutes in order to give meaning to the provisions of both. That is, where enforcement of a judgment is stayed pending appeal under ORS 19.335(2), a logical corollary must be that the expiration of the 60-day enforcement period is correspondingly tolled—that is, "subject to the stay" under ORS 19.270(1)—while the stay is in effect for purposes of ORS 105.159(3). *See Rogers v. Kasch's Garden Centers and Nurseries, Inc.*, 101 Or App 565, 567, 792 P2d 439 (1989) (recognizing, but not deciding that issue); *cf.* ORS 12.210 (providing that, "[w]hen the commencement of an action is stayed by * * * a statutory prohibition, the time of the continuance of the * * * prohibition shall not be a part of the time limited for the commencement of the action").

That understanding is entirely consistent with the legislative history underlying ORS 105.159(3). That statute was renumbered as ORS 105.154(9) as part of a comprehensive overhaul of the FED judgment enforcement statutes in 1997. Or Laws 1997, ch 577, § 36. The staff summary for the provision explained that it

"[a]mends ORS 105.154, regarding the process for enforcing FED judgments returning possession of the premises to the landlord. These amendments are intended to clear up some confusion regarding the FED execution process; simplify that process for landlords, court clerks, and sheriffs; and give landlords greater flexibility in extending the process,

within limits (since such extensions typically give the tenant more time to reach a satisfactory settlement with the landlord to avoid the eviction or more time to move out)."

Staff Measure Summary, House Committee on Commerce, SB 675A, May 29, 1997 Exhibit O. Thus, the summary indicated that the purpose of the 60-day time limit was to permit the parties to work out a settlement within a reasonable period of time but, by logical inference, not permit the landlord to indefinitely retain the benefit of the judgment while allowing the tenant to remain in possession of the premises. *See also* ORS 105.161(4).[3] Construing the statute to permit the tenant to appeal and stay the judgment so as to engineer its expiration would manifestly disserve that statutory purpose.

Our decision in *EMC Mortgage Co.* is not dispositive of the issue presented in this case. In that case, we did not consider whether a supersedeas undertaking stayed the expiration of a judgment because the parties did not address the application of ORS 19.335(2) to the problem at hand. Instead, the only question before us was whether the trial court had abused its discretion by refusing to extend the judgment enforcement period before the defendant carried out his evasive strategy. We concluded that, because the defendant had undermined prior FED judgments by filing for bankruptcy, thus forestalling the enforcement of those judgments, the trial court had abused its discretion by failing to initially extend the 60-day time limit under ORS 105.159(3). 174 Or App at 529.

As defendant notes, we did state, in *dictum*, that,

"[i]n view of [the] defendant's stated intent to appeal the judgment in this case—and to post an undertaking that undoubtedly would prevent enforcement of the judgment for more than 60 days—his strategy was destined to succeed again unless the court extended the period for enforcement."

---

[3] ORS 105.161(4) provides:

"A judgment may not be enforced if the parties have entered a new rental agreement or if the plaintiff has accepted rent for a period of occupancy beginning after the judgment was entered."

*Id.* at 528. However, we did not analyze the specific provisions of ORS 19.335; the only question before us was whether the trial court had abused its discretion by denying the plaintiff's motion to extend the 60-day limit in view of the defendant's stated intention to appeal, file a supersedeas undertaking and, perhaps, file another bankruptcy petition. Irrespective of the effect of ORS 19.335(2) on ORS 105.159(3), that conclusion was correct; it gave effect to the purpose of the discretion afforded to trial courts to extend the 60-day limit where proper grounds for doing so have been established. The trial court in *EMC Mortgage Co.* did not give any explanation for why it had refused to grant an extended enforcement period and, given the lack of reliable precedent at that time regarding the effect of a supersedeas under- taking on the running of the 60-day time limit in ORS 105.159(3), had failed to properly exercise its discretion in light of the defendant's intention to frustrate the effect of the judgment. In other words, the mere possibility that a supersedeas undertaking might frustrate the judgment (absent a harmonizing construction of the statutes by the trial court itself), coupled with the defendant's stated intentions, meant that the trial court's unexplained denial was not within its discretion.

Thus, although our quoted *dictum* overstated the justification for our decision in *EMC Mortgage Co.*, it was not a necessary premise for that decision, nor does it undermine our conclusion in this case that the effect of defendant's supersedeas undertaking was to toll the 60-day limit for enforcement of the judgment of restitution under ORS 105.159(3) until the appellate judgment affirming that judgment was entered.

Affirmed.